**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Adam T. WILLIAMS, Jr., Defendant–**
**Appellant.**

No. 02 2834.

United States Court of Appeals,
Seventh Circuit.

Nov. 20, 2002.

590

Before COFFEY, EASTERBROOK, and MANION, Circuit Judges.

## ORDER

Adam Williams was indicted for conspiring with Anthony Maclin to possess with intent to distribute more than 50 grams of crack, *see* 21 U.S.C. §§ 846, 841(a)(1), possession with intent to distribute more than 50 grams of crack, and possession with intent to distribute more than 5 grams of crack on a separate occasion, *see id.* § 841(a)(1). At trial the government introduced evidence that on February 27, 2001, undercover DEA agents recorded a telephone conversation in which Williams agreed to sell two ounces of crack to a confidential informant. Later that day, the informant and an undercover agent drove to Williams's house. Maclin came out, got into the car, and all three drove away. While stopped at a traffic light, Maclin gave a bag of crack to the informant. After subsequent testing revealed that the bag contained only one ounce of crack, not two, an undercover agent on April 4 called Williams and told him that he had been shorted. In their conversation, which also was recorded, Williams blamed Maclin for taking the drugs and agreed to sell two ounces to the agent that day. After Williams called and changed the location for the deal, the agent went to Williams's house. There Maclin got into the car and sold crack to the agent–though this time he weighed both ounces for the agent using a digital scale.

A jury found Williams, who was tried with Maclin, guilty on all the charges, and he was sentenced to concurrent terms of life imprisonment on the first two counts of the indictment and 40 years' imprisonment on the third. Williams filed a notice of appeal, but his appointed lawyer now moves to withdraw because he believes that all grounds for appeal would be frivolous. *See Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Counsel's brief is facially adequate, and Williams has not responded under Circuit Rule 51(b). We therefore confine our attention to the potential issues identified in counsel's brief. *See United States v. Tabb,* 125 F.3d 583, 584 (7th Cir.1997) (per curiam).

 Counsel first considers whether Williams could argue that the district court abused its discretion by admitting the out-of-court statements made by the confidential informant on the call recorded by the DEA. But the court admitted the statements—with a limiting instruction—only to provide context to the admissions made by Williams on the tape, not for the truth of the matters asserted by the informant. We have consistently upheld this approach because it allows the jury to understand

the defendant's side of a recorded conversation, *United States v. Gajo*, 290 F.3d 922, 929–30 (7th Cir.2002) (collecting cases), and thus agree that the potential argument would be frivolous.

■ Counsel next examines whether to argue that the district court improperly admitted testimony about Williams's drug dealing because the evidence was unconnected to the charges in the indictment. Federal Rule of Evidence 404(b) disallows proof of other bad acts to show that the defendant's character is that of a person who has a propensity to violate the law. But evidence of other wrongs is permitted if it (1) is offered to establish a matter in issue other than the defendant's propensity to commit the crime charged, (2) shows that the other act is similar enough and close enough in time to be relevant to the matter in issue, (3) is sufficient to support a jury finding that the defendant committed the similar act, and (4) has probative value not substantially outweighed by the danger of unfair prejudice. *United States v. Anifowoshe*, 307 F.3d 643, 646 (7th Cir. 2002).

Here the district court admitted evidence—also with a limiting instruction—that Williams began selling drugs at age 14 and that he had been selling crack for more than a year before he sold the drugs charged in the indictment. We agree that the district court properly applied the four-part test in determining that this evidence was admissible. The evidence showed that Williams intended to conspire with Maclin to sell drugs and that he knew how to run a large drug business. *E.g., United States v. Mansoori*, 304 F.3d 635, 666–67 (7th Cir.2002); *United States v. Green*, 258 F.3d 683, 694 (7th Cir.2001); *United States v. Tringali*, 71 F.3d 1375, 1379 (7th Cir.1995). Thus, any argument that the district court abused its discretion by admitting the evidence would be frivo-

lous. Moreover, even if the district court had erred, the remaining evidence of Williams's guilt was overwhelming, so arguing that the error was not harmless also would be frivolous. *United States v. Swan*, 250 F.3d 495, 501 (7th Cir.2001); *United States v. Johnson*, 137 F.3d 970, 975 (7th Cir.1998).

■ Finally, counsel considers whether Williams could argue that the district court sentenced him based on an erroneous drug-quantity calculation. Maclin stated in a proffer interview that he had seen Williams with more than 1.5 kilograms of crack several months before the events charged in the indictment, and at sentencing Williams stipulated that Maclin made that statement. But according to Williams, this evidence was not reliable because in the interview Maclin initially denied that Williams sold drugs but then changed his story. *See, e.g., United States v. Brumfield*, 301 F.3d 724, 734 (7th Cir. 2002) (explaining that drug-quantity estimates must be based on reliable evidence). Still, other testimony at trial established that in the year preceding his arrest Williams sold between $750 and $1000 worth of crack per day for at least six months. At a price of a $100 per gram, the district court determined that these sales involved at least 1.35 kilograms of crack. Adding that figure to the more than 300 grams later sold to government agents (plus several other amounts), the court attributed to Williams more than 1.5 kilograms of crack. The court also concluded that the trial testimony corroborated Maclin's proffer. Given this resolution of the facts, we agree that it would be frivolous to argue that the court's calculations were clearly erroneous.

The motion to withdraw is GRANTED, Williams's pending motion to appoint new

**592**

counsel is DENIED, and the appeal is DISMISSED.