**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 25, 2010[*]
Decided May 25, 2010

**Before**

WILLIAM J. BAUER, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

No. 09-3703

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States District |
|  *Plaintiff-Appellee,* | Court for the Northern District of Indiana, |
| | Hammond Division. |
|  *v.* | |
| | No. 2:01-CR-67 |
| ADAM TYRALE WILLIAMS, | |
|  *Defendant-Appellant.* | Rudy Lozano, |
| | *Judge.* |

**O R D E R**

Relying on Amendment 711 to the sentencing guidelines, which retroactively lowered the base offense level for some drug crimes involving crack cocaine, Adam Williams moved under 18 U.S.C. § 3582(c)(2) for a reduced sentence. The district court denied his motion. We affirm.

---

[*] After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2)(C).

In 2001 a jury found Williams guilty of conspiring to distribute 50 or more grams of crack, *see* 21 U.S.C. § 846, distributing 50 or more grams of crack, *see id*. at § 841(a)(1), and distributing 5 or more grams of crack, *see id*. His offenses were grouped together for sentencing under U.S.S.G. § 3D1.2(d), and the district court found that he was responsible for at least 1.5 kilograms of crack. Based on the guidelines then in effect, Williams's offense level was 44 and his criminal-history category was I, yielding a guidelines range of life imprisonment. In considering the sentencing factors under 18 U.S.C. § 3553(a), the court observed that Williams had given false testimony to the court and grand jury, and that he had repainted a car to prevent the arrest and prosecution of three other men who had used it to commit a murder. Remarking that it would prefer to send him to "boot camp" but that the guidelines didn't authorize it, the court sentenced Williams to the statutory maximum for each count: life sentences for counts one and two and 40 years' imprisonment for count three, all to be served concurrently. We dismissed his appeal of his conviction and sentence as frivolous. *United States v. Williams*, 51 F. App'x 589 (7th Cir. 2002), *cert. denied*, 540 U.S. 871 (2003).

In 2004 Williams wrote to the district court, arguing that his sentence had violated his right to a jury trial under *Blakely v. Washington*, 542 U.S. 296 (2004), and *Apprendi v. New Jersey*, 530 U.S. 466 (2000). The court construed the letter as a motion for collateral relief under 28 U.S.C. § 2255 and denied it, ruling that Williams had filed it more than a year after his conviction became final. *See* 28 U.S.C. § 2255(f). The court noted that Williams could not have prevailed on the merits because *Blakely* did not apply retroactively to cases on collateral review. Williams appealed, but we denied his request for a certificate of appealability. *Williams v. United States*, No. 05-4705 (7th Cir. Mar. 6, 2006) (order).

In 2009 Williams moved the district court for a sentence reduction under § 3582(c)(2). He asserted that Amendment 711 entitled him to a 2-level reduction in his offense level, but urged the court to disregard the guidelines and, after a full resentencing, impose a sentence of 10 years or less. *See* U.S.S.G. supp. to app. C, amend. 711. He also contended that the district court violated *Apprendi* at his original sentencing because it "found the facts that supported the mandatory minimum sentence."

The district court acknowledged that Williams was eligible for a 2-level reduction, yielding a revised offense level of 42 and a new guidelines range of 360 months to life. But after considering the § 3553(a) sentencing factors and the potential threat he posed to public safety, the court nonetheless determined that a life sentence was still appropriate. The court placed special emphasis on Williams's "repeated acts of perjury identified at the original sentencing, large-scale drug dealing, possession of a firearm, and assistance as an accomplice after the fact in a murder." Moreover, the court concluded that in any case it could not reduce Williams's sentence below his new range, as he requested. *See United*

*States v. Cunningham*, 554 F.3d 703, 708 (7th Cir. 2009).  The court also denied Williams's request for a full resentencing and noted that his *Apprendi* argument was inappropriate for a § 3582(c)(2) motion.

On appeal Williams seizes on the district court's statement at his original sentencing hearing that it would have preferred sending him to "boot camp" to argue that the court mistakenly believed, in evaluating his § 3582(c)(2) motion, that it was still required to impose a life sentence.  He also relies on U.S.S.G. § 5A, cmt. n.2—which states that, in using the sentencing table, an offense level over 43 should be treated as an offense level of 43—to argue that his offense level should drop from 43 to 41, rather than from 44 to 42.  According to Williams, an offense level of 41 and the resulting revised range of 324 to 405 months for his conspiracy offense would permit the court to eschew a life sentence and grant a reduction.

Resentencing under § 3582(c)(2) is discretionary; after considering the § 3553(a) factors, the district court *may* reduce a sentence if the reduction would be consistent with applicable policy statements in the guidelines.  18 U.S.C. § 3582(c)(2); *United States v. Marion*, 590 F.3d 475, 477 (7th Cir. 2009).  U.S.S.G. § 1B1.10 directs the court to consider both the § 3553(a) factors and the danger to the public when determining whether a reduction is warranted and the extent of any reduction.  It also permits the court to consider the defendant's post-sentencing conduct.  U.S.S.G. § 1B1.10 cmt. n.1(B)(i)-(iii); *United States v. Young*, 555 F.3d 611, 614 (7th Cir. 2009).

We cannot say that the district court abused its discretion in this case.  Regardless of Williams's assertion that the court believed at his original sentencing that it had no choice but to impose a life sentence, the court concluded during the § 3582(c)(2) proceeding that it need not sentence him to life because it found his revised range to be 360 months to life.  The court then appropriately considered the § 3553(a) factors and the potential threat to public safety—citing Williams's perjury, large-scale drug dealing, possession of a firearm, and assistance in a murder—before reasonably determining that Williams's sentence did not warrant reduction.  And because the court reasonably concluded that Williams was not entitled to *any* reduction, his contention that he should receive a sentence *below* the revised range necessarily fails, even if *Cunningham*, 554 F.3d at 708, did not foreclose that argument, which it does.

Williams's argument under U.S.S.G. § 5A, cmt. n.2, that his offense level should have been reduced from 43 to 41, instead of from 44 to 42, is also unavailing.  That commentary merely explains how to use the sentencing table *after* an offense level is calculated—not *how* to calculate the offense level in the first place.  Here, the court correctly started at 44 before making the 2-level reduction.  *See United States v. Caceda*, 990 F.2d 707, 709-10 (2d Cir. 1993)

(holding that downward adjustments must be made from the total offense level, even if it exceeds 43, to avoid "perverse" results, such as giving a defendant with an offense level of 50 and a 2-level reduction a lighter sentence than a defendant with an offense level of 43); *see also United States v. Gonzalez-Balderas*, 105 F.3d 981, 983-84 (5th Cir. 1997) (lowering offense level from 46 to 44 after amendment to guidelines).

Williams next insists that the district court should have made 2-level reductions to each of his two distribution offenses separately, yielding revised ranges of 97 to 121 months for the second count, and 50 to 60 months for the third. But his argument is misguided. The district court was required to group his offenses together under U.S.S.G. § 3D1.2(d), and all of his concurrent sentences were based on the resulting combined offense level—originally 44, now 42—and range.

Finally, the district court properly refrained from considering Williams's *Apprendi* argument. Section 3582(c)(2) permits a court to modify a sentence when the sentence was "based on a sentencing range that has subsequently been lowered"; it does not authorize consideration of other sentencing issues—such as an *Apprendi* claim—that do not stem from a change in the guidelines. *See United States v. Jackson*, 573 F.3d 398, 399 (7th Cir. 2009); *United States v. Smith*, 241 F.3d 546, 548 (7th Cir. 2001). In any case, an *Apprendi* argument would be futile, because Williams did not receive sentences above the statutory maxima for his offenses. *See United States v. Washington*, 558 F.3d 716, 719-20 (7th Cir. 2009) (holding that *Apprendi* applies to facts increasing penalty above federal statutory maximum, but not to facts establishing statutory minimum).

We AFFIRM the judgment of the district court.