NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted January 7, 2016[*]
Decided January 7, 2016

**Before**

KENNETH F. RIPPLE, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

| | |
|---|---|
| No. 15-2940 | |
| UNITED STATES OF AMERICA, | Appeal from the United States District |
| *Plaintiff-Appellee*, | Court for the Northern District of Indiana. |
| | |
| *v.* | No. 2:01-CR-67 |
| | |
| ADAM TYRALE WILLIAMS, JR., | Rudy Lozano, |
| *Defendant-Appellant*. | *Judge*. |

**O R D E R**

Adam Williams appeals from an order granting him only a partial reduction in his sentence under 18 U.S.C. § 3582(c)(2) after Amendment 782 to the Sentencing Guidelines retroactively reduced the guidelines range applicable to his crime. Because the district court did not abuse its discretion in declining to grant him an even greater reduction, we affirm.

Williams was sentenced to life in prison after being convicted in 2001 on three counts: (1) conspiring to distribute more than 50 grams of crack cocaine, (2) possession

---

[*] After examining the briefs and record, we have concluded that oral argument is unnecessary. Thus the appeal is submitted on the briefs and record. *See* FED. R. APP. P. 34(a)(2)(C).

with intent to distribute more than 50 grams of crack, and (3) possession with intent to distribute more than 5 grams of crack. *See* 21 U.S.C. §§ 846, 841(a). The district court found Williams responsible for 1.65 kilograms of crack and calculated his base offense level as 38 under the 2001 Sentencing Guidelines. The court then included 2-level enhancements for each of the following: possessing a firearm, U.S.S.G. § 2D1.1(b)(1), being an organizer/leader of a criminal activity, U.S.S.G. § 3B1.1(c), and obstructing justice, U.S.S.G. § 3C1.1. Williams's total offense level of 44, coupled with Williams's category I criminal history, yielded a guideline sentence of life imprisonment.

Since Williams was sentenced, the Sentencing Commission has amended the base offense level for his crime three times, each time further reducing the applicable guideline sentence. Williams twice has been unsuccessful in seeking a reduced sentence under § 3582(c)(2)—first in 2009 under Amendments 706 and 711, and again in 2011 under Amendment 750. In rejecting his 2009 motion, the district court cited Williams's misconduct, including his repeated perjury, large-scale drug dealing, firearm possession, and serving as an accomplice after-the-fact to a murder. *See United States v. Williams*, 380 Fed. App'x 527, 528 (7th Cir. 2010). We found no abuse of discretion in the district court's denial of relief. *See id.* at 529. In rejecting his 2012 motion, the district court again specifically mentioned these same activities and concluded that a reduction in sentence would pose a significant risk to public safety. We affirmed and observed that the district court's decision reflected "its consideration of the § 3553(a) factors, and its determination that a sentence of life was appropriate particularly in light of the threat to public safety posed by Williams." *United States v. Williams*, No. 12-1339, 2012 WL 5951511, at *1 (Nov. 29, 2012). We reached this conclusion even though William's life sentence exceeded the top of the new guideline range.

Williams most recently sought a sentencing reduction under retroactive Amendment 782, which further reduced the base offense levels assigned to most drug quantities in U.S.S.G. § 2D1.1 by two levels. *See* U.S.S.G. § 1B1.10(d); U.S.S.G. supp. to app. C, amends. 782, 788 (2014). He argued that the amendment reduced his total offense to 38 (recall that the previous offense level had been 44), resulting in a new guidelines range of 235 to 293 months imprisonment rather than life. *See* U.S.S.G. § 2D1.1. The district court, however, opted to reduce his sentence from life to 360 months—still an above-range sentence. The judge explained that a "small reduction" was warranted because Williams was very young at the time of the offense, had very little contact with the criminal justice system before the drug charge, and had made efforts to better himself while incarcerated.

Williams then filed a post-judgment motion urging the court to reconsider his sentence in light of his active participation in prison rehabilitation programs. The court denied the motion, adding that Williams's update "confirm[ed] that a reduction was proper" but "would not have altered" its decision to reduce his sentence only partially.

On appeal Williams argues that the district court abused its discretion in resentencing him above the applicable guideline range. But he does not explain why he thinks the court abused its discretion; the district court's power to reduce a sentence under § 3582(c)(2) is discretionary, not mandatory, so the court was not required to reduce Williams's sentence at all. *See United States v. Nichols*, 789 F.3d 795, 796 (7th Cir. 2015); *United States v. Purnell*, 701 F.3d 1186, 1189–90 (7th Cir. 2012).

Williams next argues that the district court at resentencing erred in considering factors inconsistent with those made at his original sentencing. His original sentence, he believes, pertained only to the drug quantities attributable to him. Because the new amendment retroactively reduced the offense levels attributable to crack cocaine offenses, he argues that his sentence should be reduced accordingly.

But in determining whether a reduction in sentence is appropriate, district courts must not only calculate the new guidelines range, but also consider the § 3553(a) sentencing factors, including the defendant's potential threat to public safety. 18 U.S.C. § 3553(a); *Dillon v. United States*, 560 U.S. 817, 827 (2010); *Purnell*, 701 F.3d at 1190. They also *may* consider a defendant's post-sentencing conduct in determining whether a sentence reduction is appropriate. *See* U.S.S.G. § 1B1.10 cmt. n. 1(B)(iii). The district court here properly calculated Williams's new guidelines range based on the amount of crack for which he was found responsible. It then referenced the concerns it already had expressed in its two previous orders denying sentence reductions, namely that besides large-scale drug dealing and a firearm possession, Williams had helped his friends elude arrest after they committed murder and then he lied about it before the Grand Jury. These concerns were not inconsistent with those set forth in the original presentencing report. The court went on to consider additional, discretionary factors that worked in Williams's favor, including his great efforts to better himself while incarcerated—efforts that no doubt contributed to the district court's decision to reduce his sentence. We perceive no abuse of discretion in the district court's approach or in its conclusion that 360 months is an appropriate sentence.

AFFIRMED.