In the

# United States Court of Appeals

### For the Seventh Circuit

No. 21-2401

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

ADAM T. WILLIAMS, JR.,

*Defendant-Appellant.*

Appeal from the United States District Court for the
Northern District of Indiana, Hammond Division.
No. 2:01 CR 67 — **James T. Moody**, *Judge.*

SUBMITTED APRIL 19, 2022[*] — DECIDED APRIL 28, 2022

Before EASTERBROOK, WOOD, and JACKSON-AKIWUMI,
*Circuit Judges.*

WOOD, *Circuit Judge.* Adam Williams, a federal inmate,
appeals the denial of his motion to reduce his sentences for
crack-cocaine offenses under the First Step Act. Because the
district court did not calculate the amended statutory ranges

---

[*] We granted the parties' joint motion to waive oral argument. The
appeal is thus submitted on the briefs and the record. Fed. R. App. P. 34(f).

that his convictions carried, we vacate the judgment and remand for further proceedings.

In 2001, a jury convicted Williams on three counts: (1) conspiring to sell more than 50 grams of crack cocaine, 21 U.S.C. § 846 (2001), (2) distributing more than 50 grams of crack, *id.* § 841(b)(1)(A)(iii), and (3) distributing more than five grams of crack, *id.* § 841(b)(1)(B)(iii). Judge Lozano sentenced him under the Guidelines to life imprisonment for Counts 1 and 2 and the statutory maximum 40-year term for Count 3 (all to run concurrently). In explaining his sentence, the judge emphasized Williams's participation in a sizeable drug operation, firearm possession, repeated perjury, and efforts to help others evade arrest for an unrelated homicide. We dismissed Williams's direct appeal. See *United States v. Williams*, 51 F. App'x 589 (7th Cir. 2002).

Over the next two decades, Williams moved three times for a reduced sentence based on retroactive guidelines amendments. See 18 U.S.C. § 3582(c)(2). Judge Lozano twice refused to lower Williams's sentence, concluding based on the severity of Williams's offense conduct that he still posed a threat to public safety. See *United States v. Williams*, 380 F. App'x 527 (7th Cir. 2010); *United States v. Williams*, No. 12-1339, 2012 WL 5951511 (7th Cir. Nov. 29, 2012). By the time of the third motion, which Williams filed in 2014, his guidelines range had dropped to 235 from 293 months. This significant change persuaded the judge to lower his sentence from life to 360 months. The judge explained that a "small reduction" was warranted because of Williams's youth, prior lack of contact with the criminal justice system, and self-improvement efforts while incarcerated. Nonetheless, the judge found that an above-range sentence was needed to account for William's

egregious offense conduct. See *United States v. Williams*, 628 F. App'x 449 (7th Cir. 2016).

In 2019, Williams filed his fourth sentence-reduction motion, this time under § 404 of the First Step Act of 2018, Pub. L. No. 115-391, § 404(b), 132 Stat. 5194, 5222 (2018). The Act made retroactive the lower statutory penalties for crack offenses from the Fair Sentencing Act, Pub. L. No. 111-220, 124 Stat. 2372 (2010). As applied to Williams, the Act led to new statutory ranges for Counts 1 and 2 of 60 to 480 months' imprisonment; Count 3 carried a possible sentence of at most 240 months. 21 U.S.C. § 841(b)(1)(B)(iii), (b)(1)(C) (2021). His guidelines range remained unchanged. Williams argued that the judge should reduce his sentence below the 2014 level because he had compiled a near-perfect prison disciplinary record (just one infraction, which was nonviolent, during his 18 years in prison) and completed several educational courses.

Judge Moody, who by this time had been reassigned to the case, declined to disturb the sentence. He saw "the situation the same way as" had Judge Lozano. Judge Moody acknowledged Williams's youth at the time of the offense, lack of any significant criminal history, and near-perfect disciplinary record, but he found these factors outweighed by the "reprehensibility of the crimes [Williams] committed." As the judge explained, Williams "was involved in a large-scale drug conspiracy, possessed a firearm, attempted to help cover up a senseless murder in another case, and twice committed perjury."

Nowhere in the order, however, did Judge Moody calculate the new statutory ranges for Williams's three convictions. (Neither did the parties in their briefings.) Instead, the judge

apparently assumed that the 2014 sentence conformed with the new statutory maximums: "A 360-month term of incarceration also complies with the First Step Act, as that sentence does not offend the maximum and minimum sentences which would have applied to [the] defendant had the Fair Sentencing Act been in effect at the time of his original sentencing."

On appeal, Williams argues that Judge Moody insufficiently explained his decision not to disturb the 360-month sentence. Williams maintains that the judge "relied excessively on" Judge Lozano's rationale in prior rulings without adequately considering the arguments in his First Step Act motion.

But a more substantial error mars Judge Moody's analysis. The judge denied Williams's motion without calculating the new statutory ranges for Williams's three convictions, as he was required to do. See *United States v. Blake*, 22 F.4th 637, 642 (7th Cir. 2022) ("The procedural requirements—calculating new penalties before deciding on the motion—apply to all First Step Act motions." (citing *United States v. Corner*, 967 F.3d 662, 665 (7th Cir. 2020); *United States v. Shaw*, 957 F.3d 734, 739 (7th Cir. 2020)). The statutory ranges for all three of Williams's convictions changed between his 2014 sentence-reduction motion and the 2019 motion now before us. The judge not only failed to set forth the new ranges; he also misstated the new statutory penalty for Count 3. He referred to a 360-month maximum and stated that this duration "[did] not offend the maximum" available sentence. That was wrong: the statutory maximum for Count 3 was, at the time of the 2019 resentencing, 240 months. See 21 U.S.C. § 841(b)(1)(C) (2021).

Williams overlooked—and thereby forfeited a challenge to—this misstep, and so we review his sentence for plain error. See *United States v. Pankow*, 884 F.3d 785, 790 (7th Cir. 2018). An error is plain if it "affected [a defendant's] substantial rights and [] impugns the fairness, integrity, or public reputation of the proceedings." *Id.* at 791 (citing *United States v. Olano*, 507 U.S. 725, 732–37 (1993)); see also *Henderson v. United States*, 568 U.S. 266, 269 (2013) ("[A]s long as the error was plain … [at] the time of appellate review[,] the error is 'plain' … .").

The error here was plain. It affected Williams's substantial rights because Williams was deprived of the benefit of any anchoring effect that the new statutory ranges could have had on Judge Moody's decision. This effect plays a "central role in sentencing," and its absence can be "particularly serious." *Molina-Martinez v. United States*, 578 U.S. 189, 199 (2016); *Blake*, 22 F.4th at 643. Indeed, without the benchmark of the new sentencing framework, Judge Moody—despite saying he was giving the facts a "fresh look"—ended up balancing the same factors in the same way as Judge Lozano. See *United States v. Shaw*, 957 F.3d 734, 741 (7th Cir. 2020) (expressing concern that a new judge presiding over a First Step Act motion "would be heavily reliant on a previous explanation"). Moreover, this error affects the fairness, integrity, and public reputation of the proceeding. An error in (or in this case, the failure to find) the range that is used to ground a judge's considerable sentencing discretion "is precisely the type of error that ordinarily warrants relief under" plain-error review. *Rosales-Mireles v. United States*, 138 S. Ct. 1897, 1907 (2018).

Williams also urges us to adopt the Fourth Circuit's reasoning and require the district court to reduce his sentence for Count 3 to at most the new statutory maximum. See *United States v. Collington*, 995 F.3d 347 (4th Cir. 2021). (His current 30-year sentence is above the current 20-year maximum. See 21 U.S.C. § 841(b)(1)(C) (2021).) We prefer, however, to leave this issue for the district court to decide in the first instance.

For these reasons, we VACATE the judgment and REMAND for reconsideration of Williams's motion.