# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 15-20426

United States Court of Appeals
Fifth Circuit

**FILED**

October 26, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

EDGAR SHAKBAZYAN,

Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas

Before REAVLEY, DAVIS, and JONES, Circuit Judges.

EDITH H. JONES, Circuit Judge:

For the 39 days that it was open in 2009, a small Houston clinic accomplished a lot. It claimed to treat 429 Medicare "beneficiaries," submitted approximately 9,300 claims to Medicare, and billed Medicare for $2.1 million. The clinic, however, was a sham. A vehicle full of "patients" would arrive at the clinic each day. The driver was paid to transport them, and the "beneficiaries" were paid to visit the clinic. After acquiring their Medicare information, the clinic would charge Medicare for thousands of procedures that were either unnecessary or never performed.

The Government prosecuted several individuals involved in the enterprise, including defendant-appellant Edgar Shakbazyan, the prime mover behind the scheme. Shakbazyan pled guilty to a multi-count indictment

No. 15-20426

and, pursuant to sentence enhancements under the 2009 Sentencing Guidelines, was sentenced to 97 months of imprisonment.

In this appeal, Shakbazyan challenges his sentence, arguing, among other things, that the district court erred in applying the 2009 Guidelines, because only one of the counts involved criminal conduct that occurred after the effective date of the 2009 Guidelines. He asserts that the use of the 2009 Guidelines to enhance his sentence violates the *Ex Post Facto* Clause. Finding no merit to any of his claims, we AFFIRM.

## I.    BACKGROUND

A grand jury returned a superseding indictment that charged Shakbazyan with 21 counts related to Medicare fraud: (1) one count of conspiracy to commit health care fraud "involving 429 patients" under 18 U.S.C. § 1349 (Count 1); (2) 19 counts of health care fraud under 18 U.S.C. § 1347 (Counts 2 through 20); and (3) one count of conspiracy to violate the anti-kickback provisions of 18 U.S.C. § 371 (Count 21). Count 1 alleged an ongoing conspiracy between "in or about April[] 2009" and "in or about February[] 2010." In particular, Count 1 alleged an unindicted co-conspirator wired $9,700 to another co-conspirator on February 19, 2010. By contrast, the remaining 20 counts covered conduct that occurred between June 2009 and August 2009. Thus, Count 1 alone extended to February 2010.

These time periods are important in Shakbazyan's view because a definition of "victim" was amended in the 2009 Sentencing Guidelines, which became effective on November 1, 2009. Section 2B1.1(b)(2)(C) of both the 2008 and 2009 Guidelines provided a 6-level sentencing enhancement where the offense "involved 250 or more victims." *See* U.S. Sentencing Guidelines Manual § 2B1.1(b)(2)(C) (U.S. Sentencing Comm'n 2008); U.S. Sentencing Guidelines Manual § 2B1.1(b)(2)(C) (U.S. Sentencing Comm'n 2009)

2

No. 15-20426

[hereinafter U.S.S.G.].   But the definitions of "victim" in the commentary differed.   The 2008 commentary defined victim as "(A) any person who sustained any part of the actual loss . . . ; or (B) any individual who sustained bodily injury as a result of the offense."  U.S.S.G. § 2B1.1 cmt. n.1 (2008).  The 2009 commentary added a new note for purposes of the definition of "victim:" "[I]n a case involving means of identification[,] 'victim' means (i) any victim as defined in Application Note 1 [the 2008 definition]; *or* (ii) any individual whose means of identification was used unlawfully or without authority."  U.S.S.G. § 2B1.1 cmt. n.4(E) (2009) (emphasis added).

The amendment features prominently in this case because the presentence report (PSR) based Shakbazyan's recommended sentence on the 2009 Guidelines.  Ordinarily, the version of the Guidelines in effect on the date of sentencing is the controlling version, *see* U.S.S.G. § 1B1.11(a)–(b), unless doing so would violate the *Ex Post Facto* Clause.    *See id.* § 1B1.11(b)(1). Further, the Guidelines' "one-book rule" forbids piecemeal application of the Guidelines, requiring instead that only one version of the Guidelines be used. *See id.* § 1B1.11(b)(2).  The PSR stated that applying the current Guidelines would violate the *Ex Post Facto* Clause because a post-offense amendment enhanced health care fraud computations. Thus, the PSR used the 2009 Guidelines—the version in effect on the date the last offense of conviction (the Count 1 conspiracy offense) was committed.  The PSR, therefore, used the 2009 definition of "victim" and recommended a 6-level enhancement on the understanding that the fraud involved 250 or more "victims"—429 Medicare beneficiaries whose identifying information was used "unlawfully."  With that 6-level enhancement, Shakbazyan's total offense level was 30 with a criminal history category of I, and his range of imprisonment was 97 to 121 months.

No. 15-20426

Without the 6-level enhancement, his range of imprisonment would have been 51 to 63 months.

Shakbazyan objected to the 6-level enhancement on the ground that using the 2009 definition of "victim" to enhance his sentence on Counts 2 through 21 violated the *Ex Post Facto* Clause. The district court overruled this objection, among others, and sentenced Shakbazyan to 97 months of imprisonment. Shakbazyan timely appealed.

## II.    ANALYSIS

### A. Standard of Review

"We review a district court's sentencing decision for abuse of discretion." *United States v. Pringler*, 765 F.3d 445, 451 (5th Cir. 2014). However, we "review[] the district court's interpretation and application of the Sentencing Guidelines *de novo*." *Id.* (italics added). And, "when faced with a preserved constitutional challenge to the Guidelines' application, our review is *de novo*." *United States v. Preciado-Delacruz*, 801 F.3d 508, 511 (5th Cir. 2015).

### B. *Ex Post Facto* Clause

Shakbazyan's principal argument is that using the 2009 Guidelines definition of "victim" to enhance his sentence violates the *Ex Post Facto* Clause. That argument is foreclosed by our precedent.

The provision that "[n]o . . . ex post facto Law shall be passed," U.S. Const. art. I, § 9, cl. 3, includes "[e]very law that changes the punishment, and inflicts a greater punishment, than the law annexed to the crime, when committed." *Peugh v. United States*, 133 S. Ct. 2072, 2077–78 (2013) (quoting *Calder v. Bull*, 3 Dall. 386, 390 (1798)). The motivating concern in this category of ex post facto violations "is not an individual's right to less punishment, but the lack of fair notice and governmental restraint when the legislature increases punishment beyond what was prescribed when the crime

No. 15-20426

was consummated." *Weaver v. Graham*, 450 U.S. 24, 30, 101 S. Ct. 960, 965 (1981).

Shakbazyan concedes, as he did below, that the 2009 definition of "victim" "can technically be applied to Count 1 which alleges conduct that occurred post November of 2009, in February of 2010." He does not challenge the Guidelines' one-book rule that requires one version of the Guidelines to be applied to all grouped counts, and he does not claim that the 21 counts were improperly grouped together. Nor does he allege that the post-November 1, 2009 conspiratorial conduct cannot be imputed to him.[1] His complaint, however, is that the "expanded definition of victim was not in effect during the [periods covered by] Counts 2 through 21 of the Indictment." In his view, using the 2009 definition of "victim" to enhance his sentence constitutes "an increased retroactive punishment" and thus an *Ex Post Facto* Clause violation.

This court, along with eight other circuits,[2] has previously rejected Shakbazyan's argument. In *United States v. Kimler*, 167 F.3d 889 (5th Cir. 1999), the court held that "where a sentencing court groups offenses committed before a change in the sentencing guidelines with offenses after the

---

[1] *Cf. United States v. Olis*, 429 F.3d 540, 545 (5th Cir. 2005) ("This court has held that conspiracy 'is a continuing offense' and that '[s]o long as there is evidence that the conspiracy continued after the effective date of the [amendments to the] guidelines, the Ex Post Facto Clause is not violated.' Moreover, unless a conspirator effectively withdraws from the conspiracy, he is to be sentenced under the amendments to the guidelines, even if he did not commit an act in furtherance of the conspiracy after the date of the new guidelines, or did not know of acts committed by other co-conspirators after the date of the new guidelines, where it was foreseeable that the conspiracy would continue past the effective date of the amendments." (citation omitted)).

[2] *See, e.g.*, *United States v. Pagan-Ferrer*, 736 F.3d 573, 598 (1st Cir. 2013) (explaining that its decision on this point was "consistent with the findings of an overwhelming majority of our sister circuits." (citing cases from the Second, Fourth, Fifth, Sixth, Seventh, Eighth, Tenth, and Eleventh Circuits)); *United States v. Kumar*, 617 F.3d 612, 626–27 (2d Cir. 2010) (similarly citing cases).

5

amendment, and then applies the amended guideline in determining a defendant's appropriate sentence, the *Ex Post Facto* Clause is not implicated." *Id.* at 893 (italics added).  Given the Guidelines' one-book rule and grouping rules, "a defendant has notice that the version of the sentencing guidelines in effect at the time he committed the last of a series of grouped offenses will apply to the entire group."  *Id.* at 894–95.  That notice eliminates any *Ex Post Facto* Clause concerns that may have otherwise existed.  Therefore, a defendant who decides to "continue his illegal activities . . . after the revisions in the sentencing guidelines" does so at his own peril because "that decision allow[s] the sentencing court to determine his appropriate sentence with reference to the guidelines in effect when the last criminal act in the grouped series was committed without running afoul of the Constitution."  *Id.* at 893.

*Kimler* plainly forecloses Shakbazyan's *Ex Post Facto* Clause claim.  The conspiracy charged in Count 1 continued well after November 1, 2009.  During that period, the Guidelines gave Shakbazyan adequate notice that his pre-November 1, 2009 offenses would be grouped with the Count 1 conspiracy offense, and therefore that the 2009 Guidelines would apply.  Indeed, "[i]t was [Shakbazyan's] decision to continue his illegal activities related to his . . . [conspiracy] offense[] after the revisions in the sentencing guidelines, and that decision allowed the sentencing court to determine his appropriate sentence with reference to the guidelines in effect when the last criminal act in the grouped series was committed without running afoul of the Constitution."  *Kimler*, 167 F.3d at 893.

Shakbazyan fails to cite *Kimler*, but he contends that *Peugh v. United States* supports his *Ex Post Facto* Clause claim.  It does not.  *Peugh* found an *Ex Post Facto* Clause violation where "a defendant [was] sentenced under Guidelines promulgated after he committed his criminal acts and the new

version provide[d] a higher applicable Guidelines sentencing range than the version in place at the time of the offense." *Peugh*, 133 S. Ct. at 2078. But there are clear factual and legal distinctions between *Peugh* and this case. On the facts, the defendant in *Peugh* committed *all* of his alleged crimes in 1999 and 2000, before the promulgation of the 2009 Guidelines under which he was sentenced. *See id.* at 2078–79. In contrast, Shakbazyan concedes that one of the crimes to which he pled guilty extended past the effective date of the 2009 Guidelines. Additionally, as just explained, this case, unlike *Peugh*, does not implicate the *Ex Post Facto* Clause's concern with "the lack of fair notice . . . when the legislature increases punishment beyond what was prescribed when the crime was consummated." *Weaver*, 450 U.S. at 30, 101 S. Ct. at 965. Peugh had no notice of Guidelines enhancements that would be promulgated a decade after he committed his crimes, but Shakbazyan was on notice of the Guidelines' one-book and grouping rules that would apply one version of the Guidelines to his pre- and post-amendment criminal conduct. *Peugh* does not carry the day for Shakbazyan. No *Ex Post Facto* Clause violation occurred when the district court applied the 2009 Guidelines to Shakbazyan's sentence.

## C. Miscellaneous Arguments

Shakbazyan raises a number of additional arguments, each of which we reject. First, Shakbazyan claims that even if the 2009 Guidelines apply to his sentence, the Medicare beneficiaries were not "victims" within the meaning of the 2009 definition but were more like co-conspirators because "they were either paid to attend the Barson Clinic or they suffered no harm."

Shakbazyan has waived this argument. At the sentencing hearing, the district court asked Shakbazyan's attorney whether the Medicare beneficiaries fall within the 2009 definition of "victim," and the attorney answered affirmatively:

No. 15-20426

> THE COURT: But the 2009 guideline which governs the conspiracy count for sure defines "victims" as these patients whose Medicare benefits were used.

> MR. GERAGOS: Correct.

This court does not consider arguments deliberately waived in the trial court. *See, e.g.*, *United States v. Puckett*, 505 F.3d 377, 383 n.1 (5th Cir. 2007), *aff'd*, 556 U.S. 129, 129 S. Ct. 1423 (2009).

Shakbazyan next asserts that, in any event, the indictment charged him only "with defrauding eight total victims"—Medicare and individuals specifically named in the indictment—which is "below the threshold need for any victim enhancement to apply." The superseding indictment, to which he pled guilty, expressly mentioned 429 patients' claims as being fraudulently charged. And it is hornbook procedure that "[t]he sentencing judge is entitled to find by a preponderance of the evidence all the facts relevant to the determination of a Guideline sentencing range and all facts relevant to the determination of a non-Guidelines sentence." *See, e.g., United States v. Mares,* 402 F.3d 511, 519 (5th Cir. 2005). This contention is meritless.

Also without merit is Shakbazyan's conclusional assertion that the trial court's Judgment and Commitment Order is facially deficient because it states a sentence below 24 months was imposed and consequently did not include a written statement of reasons for the sentence imposed. This complaint apparently refers to the "Statement of Reasons" form, which did erroneously categorize Shakbazyan's sentence as "within an advisory guideline range that is not greater than 24 months." Because of the error, the form does not contain the required written statement identifying the district court's reasons for the sentence. The error is harmless, and clerical in nature. Shakbazyan does not and cannot claim his substantial rights were affected. The transcript evinces

No. 15-20426

the district court's thorough explanation of its reasons for imposing Shakbazyan's 97-month, bottom of the applicable sentencing range term of imprisonment.  Moreover, the Statement of Reasons form is intended "to serve a record-keeping function" and not to provide "a procedural safeguard for any particular defendant." *See United States v. Pillault*, 783 F.3d 282, 292 n.2 (5th Cir. 2015) (quoting *United States v. Denny*, 653 F.3d 415, 422 (6th Cir. 2011) (quoting *United States v. Ray*, 273 F. Supp. 2d 1160, 1164 (D. Mont. 2003))).

For these reasons, the district court's sentence is **AFFIRMED**.