# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

May 30, 2019

Lyle W. Cayce
Clerk

No. 18-10535

UNITED STATES OF AMERICA,

> Plaintiff - Appellee

v.

ALEXANDER GALLEGOS,

> Defendant - Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 7:17-CR-8-3

Before HAYNES, GRAVES, and HO, Circuit Judges.

PER CURIAM:[*]

Alexander Gallegos appeals his 200-month sentence following a guilty plea. "[B]eginning in or before 2016," he knowingly conspired to possess with intent to distribute methamphetamine in violation of 21 U.S.C. §§ 846, 841(a)(1), (b)(1)(B). To calculate his advisory Guidelines range, the presentence investigation report (PSR) divided Gallegos's past meth-related conduct into two groups. First, it classified meth transactions with a

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-10535

confidential informant from late 2013 as "relevant conduct" to the instant conspiracy. It therefore included the 2013 drug amounts in Gallegos's Offense Level. Second, it classified three 2014 Texas convictions—two for possession and one for delivery—as "prior sentences" that enhanced Gallegos's criminal history score.

Gallegos objected to the classification of those 2014 convictions as "prior sentences." He argued that they were also "relevant conduct" to the instant conspiracy—the convictions were for conduct that overlapped with the 2013 transactions, both temporally and factually. The government responded that the PSR miscategorized the 2013 transactions as "relevant conduct." Accordingly, the 2014 convictions were properly categorized as "prior sentences" pre-dating Gallegos's entry into the conspiracy. Finally, the Probation Office explained in its Addendum to the PSR that it classified the 2014 convictions as "prior sentences" because the 2014 convictions were for "user amount[s]," not "distribution amount[s]."

At the sentencing hearing, the district court overruled Gallegos's objections "for the reasons stated in the Addendum and in the Government's response." But, the court also said it adopted "the fact findings contained in the [PSR] and the Addendum." Further, in its written "Statement of Reasons," the court adopted the PSR "without change." The problem, put simply, is that the PSR and the government's response contradict each other about the 2013 transactions, so the court could not have fully adopted both.

The government asks us to harmonize the oral pronouncement with the Statement of Reasons by assuming the court only adopted the parts of the PSR not contradicted by the government's response. We decline to ignore the Statement of Reasons under these circumstances—the hearing transcript does not provide a "thorough" enough explanation of the district court's reasoning for us to assume that the error here was merely "clerical." *See United States*

2

*v. Shakbazyan*, 841 F.3d 286, 292 (5th Cir. 2016) (permitting such a clerical error).

We review the district court's Guidelines interpretation *de novo*, and its factual findings for clear error. *See United States v. Rhine*, 583 F.3d 878, 884–85 (5th Cir. 2009). Because we cannot conclusively determine the factual basis for the court's sentence, we vacate and remand for resentencing. In doing so, we express no opinion as to the proper classification of Gallegos's past conduct.