# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**
July 27, 2020

Lyle W. Cayce
Clerk

No. 19-51035
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

KHALIL KHALIL AWAD,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:19-CR-91-2

Before CLEMENT, HIGGINSON, and ENGELHARDT, Circuit Judges.

PER CURIAM:*

Khalil Khalil Awad pleaded guilty to aiding and abetting access device fraud. He now appeals, challenging the procedural and substantive reasonableness of his above-guidelines 96-month sentence.

Awad asks this court to apply a "heightened standard of review" to his above-guidelines sentence, but it is well established that this court's review is for reasonableness under an abuse of discretion standard. *See Gall v. United*

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-51035

*States*, 552 U.S. 38, 51 (2007). First, this court must ensure the district court did not commit a significant procedural error. *Id.* If the district court's decision is procedurally sound, this court will review the substantive reasonableness of the sentence, taking into account the totality of the circumstances. *Id.* For claims of error that were not raised in the district court, plain error review applies. *See United States v. Mondragon-Santiago*, 564 F.3d 357, 361 (5th Cir. 2009).

Awad asserts the district court procedurally erred by failing to adequately state the reasons for its sentencing decision and by incorrectly filling out the statement of reasons form (SOR). Because Awad did not object to the sentencing procedure in the district court, review is for plain error only. *See id.* At sentencing, the district court properly provided a thorough, fact-specific explanation for why its sentencing decision was justified by the factors in 18 U.S.C. § 3553(a). *See United States v. Mares*, 402 F.3d 511, 519 (5th Cir. 2005). The district court discussed Awad's lengthy criminal history, noting it reflected repeated criminal conduct that had gone on undeterred by the punishments he had received before. It then explained a 96-month sentence was necessary to deter criminal activity and protect the public from future crimes of Awad. *See* § 3553(a)(2)(B)-(C). Awad fails to show any error, much less clear or obvious error. *See Rita v. United States,* 551 U.S. 338, 358-59 (2007).

As for the purported deficiencies in the written SOR, the SOR "is intended to serve a record-keeping function and not to provide a procedural safeguard for any particular defendant." *See United States v. Shakbazyan*, 841 F.3d 286, 292 (5th Cir. 2016) (internal quotation marks and citation omitted). Any errors or omissions in the SOR are therefore harmless, given the district

court's thorough explanation of its sentencing decision in open court, as required by 18 U.S.C. § 3553(c). *See id.*

Awad argues his sentence is substantively unreasonable because the district court gave insufficient weight to mitigating facts and certain other § 3553(a) factors. We need not reach whether Awad preserved his challenge in the district court because his arguments fail even under the abuse of discretion standard. *See United States v. Rodriguez*, 602 F.3d 346, 361 (5th Cir. 2010). The record shows the district court listened to Awad's mitigating arguments but determined a 96-month sentence was necessary to deter criminal activity and protect the public from further crimes of Awad. Awad further argues the district court should not have based the upward variance on his criminal history because it was already taken into account by the guidelines range. However, particularly where Awad's lengthy criminal history dated back to 2002 and included convictions that were not counted toward his criminal history score, the district court did not abuse its discretion in concluding his criminal history weighed in favor of an above-guidelines sentence. *See United States v. Brantley*, 537 F.3d 347, 350 (5th Cir. 2008).

Awad has not shown his sentence fails to account for a factor that should have received significant weight, gave significant weight to an improper or irrelevant factor, or represents a clear error of judgment in balancing the factors. *See United States v. Diehl*, 775 F.3d 714, 724 (5th Cir. 2015). Awad has failed to show that the district court abused its discretion in determining the § 3553(a) factors, on a whole, justified a 96-month sentence.

The judgment of the district court is AFFIRMED.