# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
July 21, 2022

Lyle W. Cayce
Clerk

No. 21-51130
Summary Calendar

United States of America,

*Plaintiff—Appellee*,

*versus*

Luciano Sanchez Monk,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:20-CR-120-11

Before King, Higginson, and Willett, *Circuit Judges*.

Per Curiam:*

Luciano Sanchez Monk pleaded guilty to conspiracy to possess with intent to distribute at least 500 grams of methamphetamine. The district court sentenced Monk to 293 months of imprisonment, the maximum under the applicable guidelines range. On appeal, Monk argues that his sentence is

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

procedurally unreasonable because the district court failed to provide its reasons for imposing a sentence at the upper limit of the guidelines range, as required by 18 U.S.C. § 3553(c)(1).

We review Monk's unpreserved argument involving § 3553(c)(1) for plain error. *See United States v. Akpan*, 407 F.3d 360, 378 (5th Cir. 2005). To prevail on plain error review, Monk must identify: (1) a forfeited error (2) that is clear or obvious, rather than subject to reasonable dispute and (3) that affects his substantial rights. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). If Monk satisfies the first three requirements, we may, in our discretion, remedy the error if the error "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." *Id.* (alteration in original; internal quotation marks and citation omitted).

Under § 3553(c), the district court, "at the time of sentencing, shall state in open court the reasons for its imposition of the particular sentence." The statute further provides that if a sentence is within the guidelines range and "that range exceeds 24 months," the district court shall state "the reason for imposing a sentence at a particular point within the range." § 3553(c)(1); *see also Chavez-Meza v. United States*, 138 S. Ct. 1959, 1963 (2018).

Even if we were to conclude that the district court committed an obvious error by failing to adequately explain its reasons for imposing the 293-month sentence in accordance with § 3553(c)(1), Monk has failed to establish that the error affected his substantial rights. *See United States v. Mondragon-Santiago*, 564 F.3d 357, 363-65 (5th Cir. 2009). To make that showing, Monk must "prove that the error affected the sentencing outcome." *Id.* at 365. Monk has not done so here, as he has not demonstrated, and the record does not show, that the district court would have imposed a shorter sentence had

No. 21-51130

it provided a more thorough explanation. *See id.*; *United States v. Horton*, 993 F.3d 370, 378-79 (5th Cir.), *cert. denied*, 142 S. Ct. 382 (2021).

Monk also argues that, in the Statement of Reasons form, the district court erroneously checked the box indicating that it had selected a within-guidelines sentence where the difference between the maximum and minimum of the guidelines range did not exceed 24 months and, therefore, did not include its reasons for imposing the specific sentence. The Statement of Reasons form, however, is only intended "to serve a record-keeping function and not to provide a procedural safeguard for any particular defendant." *United States v. Shakbazyan*, 841 F.3d 286, 292 (5th Cir. 2016) (internal quotation marks and citation omitted). Accordingly, the error is harmless.

The district court's judgment is AFFIRMED.