# United States Court of Appeals
# for the Fifth Circuit

―――――――――

No. 22-11098
Summary Calendar

―――――――――

United States Court of Appeals
Fifth Circuit

**FILED**

May 6, 2024

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

JAMES EDWARD YOUNG,

*Defendant—Appellant*.

―――――――――――――――――――――――

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:22-CR-29-1

―――――――――――――――――――――――

Before JOLLY, ENGELHARDT, and DOUGLAS, *Circuit Judges*.

PER CURIAM:[*]

James Edward Young appeals his guilty plea conviction and the 120-month sentence imposed for possession of a firearm by a convicted felon. He asks this court to remand the case for correction of clerical errors in the statement of reasons to reflect that: (1) the revised guidelines range was 70 to 87 months; and (2) the 120-month sentence was above the guidelines range.

―――――――――――――――――

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

Because the statement of reasons serves only a "record-keeping function" and does not provide any "procedural safeguard[s]" to a defendant and because the transcript reflects the correct guidelines range and that the sentence was above the guidelines range, the error is harmless. *United States v. Shakbazyan*, 841 F.3d 286, 292 (5th Cir. 2016); *see United States v. Maturin*, 887 F.3d 716, 725 n.44 (5th Cir. 2018).

In addition, Young asserts that his sentence is substantively unreasonable because the district court did not account for his acceptance of responsibility, which should have received significant weight. He preserved this issue by requesting a within-guidelines sentence and objecting to the sentence as substantively unreasonable. *See Holguin-Hernandez v. United States*, 140 S. Ct. 762, 764-67 (2020). The district court correctly calculated the advisory guidelines range, evaluated the information in the presentence report, and considered the parties' arguments, Young's allocution, and the 18 U.S.C. § 3553(a) factors. He has not shown that the district court did not account for an important factor, gave significant weight to an improper factor, or made a clear error of judgment in balancing the sentencing factors. *See United States v. Hudgens*, 4 F.4th 352, 358 (5th Cir. 2021). He is essentially asking us to reweigh the § 3553(a) factors and substitute our judgment on appeal, which we will not do. *See United States v. Hernandez*, 876 F.3d 161, 167 (5th Cir. 2017).

Young also contends 18 U.S.C. § 922(g) is unconstitutional because it exceeds Congress's enumerated powers under the Commerce Clause. His argument is foreclosed by precedent, as we have "consistently upheld the constitutionality of § 922(g)(1)" as a valid exercise of Congress's authority under the Commerce Clause. *United States v. Alcantar*, 733 F.3d 143, 145 (5th Cir. 2013).

No. 22-11098

Finally, Young contends § 922(g)(1) violates his rights under the Second Amendment in view of *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1, 17-18 (2022). Because he did not raise this issue in the district court, our review is limited to plain error. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). To show plain error, he must show a forfeited error that was clear or obvious error and that affected his substantial rights. *Id.* If he makes such a showing, we have discretion to correct the error but will do so only if it "seriously affects the fairness, integrity or public reputation of judicial proceedings." *Id.* (internal quotation marks, citation, and brackets omitted). We recently rejected an unpreserved *Bruen*-based challenge to the constitutionality of § 922(g)(1) under the Second Amendment. *See United States v. Jones*, 88 F.4th 571, 573-74 (5th Cir. 2023), *cert. denied*, 2024 WL 1143799 (U.S. March 18, 2024) (No. 23-6769). Accordingly, Young has not demonstrated reversible plain error. *See id.*; *see also Puckett*, 556 U.S. at 135.

AFFIRMED.