# United States Court of Appeals
# for the Fifth Circuit

---

No. 24-30560
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**
June 17, 2025

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

James Edward Knighten, Jr.,

*Defendant—Appellant*.

---

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:23-CR-198-1

---

Before Graves, Willett, and Wilson, *Circuit Judges*.

Per Curiam:[*]

James Edward Knighten, Jr., appeals the 96-month, within-guidelines prison term imposed following his guilty plea to possession of methamphetamine with intent to distribute in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C). Knighten argues that his advisory sentencing guidelines range was unreasonably high because: It failed to account for his

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

mental health issues, youth at the time of prior offenses, and drug addictions; it was based on an offense level that was grounded, in part, on his possession of a fentanyl analogue, even though there was no indication that he knowingly possessed the analogue; and it was based on a criminal history category of VI, which did not reflect the danger he posed or his risk of recidivism. Knighten argues that a downward departure to a criminal history category of III or IV would have more accurately reflected his history and produced a reasonable range and sentence. Knighten also notes that recent amendments to U.S.S.G. § 5H1.1 provide that age may be relevant in determining whether a departure from the guidelines range is warranted.

To the extent that Knighten challenges the district court's discretionary decision to deny his request for a downward departure, we lack jurisdiction to review such a denial "unless the court based its decision upon an erroneous belief that it lacked the authority to depart." *United States v. Fillmore*, 889 F.3d 249, 255 (5th Cir. 2018) (internal quotation marks and citation omitted). The record shows that the district court was aware of its authority to depart and declined to exercise it. Accordingly, we lack jurisdiction to consider this claim. *See id.*

Next, to the extent that Knighten argues, for the first time on appeal, that the district court procedurally erred by failing to apply § 5H1.1, which was not in effect at the time of sentencing, he has shown no clear or obvious error. *See United States v. Sepulveda*, 64 F.4th 700, 712 (5th Cir. 2023); *see also United States v. Shakbazyan*, 841 F.3d 286, 289 (5th Cir. 2016).

As for Knighten's remaining arguments, his within-guidelines sentence is entitled to a rebuttable presumption of reasonableness on appeal. *See United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009). To rebut that presumption, Knighten must show that his "sentence does not account for a factor that should receive significant weight, it gives significant weight to an

No. 24-30560

irrelevant or improper factor, or it represents a clear error of judgment in balancing sentencing factors." *Id.*

Knighten has not made this showing. To the extent that Knighten asserts that the district court should have given more weight to his mitigating arguments in crafting its sentence, the argument amounts to a mere disagreement with the district court's balancing of the 18 U.S.C. § 3553(a) factors, which is insufficient to rebut the presumption of reasonableness. *See United States v. Rodriguez-Bernal*, 783 F.3d 1002, 1008 (5th Cir. 2015); *United States v. Ruiz*, 621 F.3d 390, 398 (5th Cir. 2010). Further, Knighten's disagreement with the applicable guidelines range does not show that his sentence is substantively unreasonable. *See United States v. Castillo-Rubio*, 34 F.4th 404, 411 (5th Cir. 2022).

Accordingly, the judgment of the district court is AFFIRMED.