16-1262-cr
United States v. Halim Cristo-Fares

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 1st day of September, two thousand seventeen.

Present:     ROSEMARY S. POOLER,
             GERARD E. LYNCH,
                     *Circuit Judges*.
             PAUL A. ENGELMAYER,[1]
                     *District Judge*.

_____

UNITED STATES OF AMERICA,

                     *Appellee*,

          v.                                          16-1262-cr

HALIM CRISTO-FARES,

                     *Defendant-Appellant*.[2]

_____

Appearing for Appellant:     Nicholas J. Pinto, New York, N.Y.

---

[1] Judge Paul A. Engelmayer, United States District Court for the Southern District of New York, sitting by designation.

[2] The Clerk of the Court is directed to amend the caption as above.

1

Appearing for Appellee:     Emil J. Bove III, Assistant United States Attorney (Brian R. Blais, Assistant United States Attorney, *on the brief*), *for* Joon H. Kim, Acting United States Attorney for the Southern District of New York, New York, N.Y.

Appeal from the United States District Court for the Southern District of New York (Woods, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Halim Cristo-Fares appeals from the April 14, 2016 judgment of conviction entered in the United States District Court for the Southern District of New York (Woods, *J.*) after he was sentenced to 57 months' imprisonment following his plea of guilty to one count of participating in a conspiracy to launder narcotics proceeds in violation of 18 U.S.C. §§ 1956(h), 1956(a)(3)(A), and 1956(a)(3)(B). We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

"We review a challenged sentence for reasonableness. This inquiry has both procedural and substantive components." *United States v. Friedberg*, 558 F.3d 131, 133 (2d Cir. 2009) (internal citation and internal quotation marks omitted). "Procedural error occurs in situations where, for instance, the district court miscalculates the Guidelines; treats them as mandatory; does not adequately explain the sentence imposed; does not properly consider the § 3553(a) factors; bases its sentence on clearly erroneous facts; or deviates from the Guidelines without explanation." *United States v. Cossey*, 632 F.3d 82, 86 (2d Cir. 2011).

Here, Cristo-Fares principally argues the district court committed procedural error by (1) treating the Guidelines as presumptively reasonable; (2) failing to accord appropriate weight to Cristo-Fares's personal characteristics; and (3) failing to consider the need to avoid unwarranted sentencing disparities. Each argument is without merit.

First, the record reveals the district court conducted a careful review of the Section 3553(a) factors. Not only did the district court explicitly state that "the guidelines range is only one fact that I must consider," App'x at 84, but the district court then went on to consider each of the Section 3553(a) factors. The district court did exactly what was required: the district court "properly calculated the Guidelines range, treated the range as appropriately advisory, considered the Section 3553(a) factors, selected a sentence based on facts that were not clearly erroneous, and adequately explained its chosen sentence, which was in the Guidelines range." *United States v. Alvarado*, 720 F.3d 153, 159 (2d Cir. 2013).

Second, Cristo-Fares argues the district court erred in not taking into account the disparity between his sentence and the sentences later imposed on his co-defendants. That is not error, because Section 3553(a)(6) "does not require a district court to consider disparities between co-defendants." *United States v. Frias*, 521 F.3d 229, 236 (2d Cir. 2008). In any event, since Cristo-Fares was the first of the defendants in this case to be sentenced, the district court could not have addressed any "disparity" among sentences that had not yet been imposed, based on considerations relevant to the sentences of the other defendants that had not yet been brought

to the district court's attention. Even looked at with the benefit of hindsight, moreover, we find no fault with the district court's implicit conclusion, upon imposing sentence on Cristo-Fares' co-defendants, that Cristo-Fares was the most significant and most culpable of the defendants in the case.

Third, Cristo-Fares argues the district court failed to consider his personal characteristics: his previously clean record, his inability to see his mother after his likely deportation, and his physical ailments. However, the record reflects the district court considered these issues in imposing sentence.

Finally, Cristo-Fares also argues that his sentence was substantively unreasonable. We disagree. A sentence is substantively unreasonable "only in exceptional cases where the trial court's decision cannot be located within the range of reasonable decisions." *United States v. Cavera*, 550 F.3d 180, 189 (2d Cir. 2008) (internal quotation marks omitted). The sentence here, in contrast, was well within the district court's discretion.

We have considered the remainder of Cristo-Fares's arguments and find them to be without merit. Accordingly, the judgment of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk