**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-4695**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

EMORY MAURICE WILLIAMS,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  Malcolm J. Howard, Senior District Judge.  (5:18-cr-00427-H-1)

Submitted:  June 18, 2020                    Decided:  June 22, 2020

Before FLOYD, THACKER, and RUSHING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Wayne Buchanan Eads, Raleigh, North Carolina, for Appellant.  Robert J. Higdon, Jr., United States Attorney, Jennifer P. May-Parker, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Emory Maurice Williams appeals the 87-month upward departure sentence imposed following his guilty plea to conspiracy to distribute and possess with intent to distribute a quantity of fentanyl, in violation of 21 U.S.C. §§ 841(a)(1), 846 (2018), and distribution of a quantity of fentanyl, in violation of 21 U.S.C. § 841(a)(1). For the reasons set forth below, we affirm.

The lone argument Williams presses on appeal challenges the substantive reasonableness of the upward departure sentence. We review the sentence imposed by the district court, "whether inside, just outside, or significantly outside the Guidelines range[,]" for reasonableness "under a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007). Our reasonableness review involves assessment of both the procedural and substantive reasonableness of the federal sentence. *United States v. Howard*, 773 F.3d 519, 528 (4th Cir. 2014). We first examine the sentence for "significant procedural error," such as improperly calculating the Sentencing Guidelines range, insufficiently considering the 18 U.S.C. § 3553(a) (2018) factors, or inadequately explaining the sentence imposed. *Gall*, 552 U.S. at 51. If the sentence is free of procedural error, then we review it for substantive reasonableness, "tak[ing] into account the totality of the circumstances, including the extent of any variance from the Guidelines range." *Id*.

To be substantively reasonable, the sentence must be "sufficient, but not greater than necessary," to satisfy the statutory purposes of sentencing. 18 U.S.C. § 3553(a). In assessing the substantive reasonableness of an upward departure, we must "consider whether the sentencing court acted reasonably both with respect to its decision to impose

2

such a sentence and with respect to the extent of the divergence from the sentencing range." *United States v. Washington*, 743 F.3d 938, 944 (4th Cir. 2014) (internal quotation marks omitted). "The farther the court diverges from the advisory guideline range, the more compelling the reasons for the divergence must be." *United States v. Tucker*, 473 F.3d 556, 561 (4th Cir. 2007) (internal quotation marks omitted). This is tempered by the equally established principle that we must "give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the [departure]." *United States v. Zuk*, 874 F.3d 398, 409 (4th Cir. 2017) (internal quotation marks omitted).

Although Williams does not challenge the procedural reasonableness of his sentence, we have reviewed that aspect of his sentence and discern no procedural defect. *See United States v. Provance*, 944 F.3d 213, 218 (4th Cir. 2019) (holding that appellate court must review sentence for procedural reasonableness before considering its substantive reasonableness). We also conclude the selected 87-month sentence is substantively reasonable. The record confirms that the district court linked both its decision to upwardly depart and, importantly, the extent of that departure, to the facts of this case as established at sentencing by a preponderance of the evidence. In granting the Government's departure motion, the court found that an upward departure was warranted under U.S. Sentencing Guidelines Manual § 5K2.21, p.s. (2016), to account for "the actual seriousness of the offense based on conduct" that was related to a dismissed count that did not otherwise affect the computation of Williams' Guidelines range. Here, although later dismissed pursuant to Williams' plea agreement, Williams also was charged with distributing a detectable amount of fentanyl on or about December 1, 2016, with serious

3

bodily injury and death of a person resulting from use of that fentanyl, in violation of 21 U.S.C. § 841(a)(1).

After hearing considerable evidence about the facts relevant to this dismissed count, the court upwardly departed from the total adjusted offense level of 12, which was recommended in Williams' presentence report, to offense level 23. This, taken in conjunction with Williams' placement in criminal history category IV, yielded a sentencing range of 70-87 months' imprisonment, which, in the court's view, was reflective of the severity and seriousness of the dismissed count. The court additionally observed that various § 3553(a) sentencing factors—including Williams' criminal history and personal characteristics; the need for the sentence to provide adequate deterrence and to protect the public from future crimes by Williams; and the need for the sentence to promote respect for the law—likewise justified the selected sentence.

Williams argues on appeal that the court did not balance the mitigating factors advanced at sentencing with the aggravating factors relied on by the Government. But the facts underlying the mitigation argument—particularly that Williams was honorably discharged from the U.S. Army Reserves more than 20 years before the events at issue and professed his intent to relocate and live a law-abiding life upon his release—paled in comparison to the aggravated nature of Williams' actual conduct. The court squarely addressed Williams' main argument in support of a lower departure sentence and, as such, these contentions simply did not warrant particularized mention. *See United States v. Nance*, 957 F.3d 204, 214 (4th Cir. 2020) (explaining that, when the sentencing court has addressed the defendant's "central thesis" for his sentencing position, it need not "address

4

separately each supporting data point marshalled on its behalf"); *accord United States v. Lee*, 897 F.3d 870, 873 (7th Cir. 2018) ("[A] district court need not offer a reason for rejecting every one of the defendant's contentions."). And despite Williams' suggestion to the contrary, when upwardly departing pursuant to USSG § 5K2.21, p.s., the court was not obligated to explain why each interval between the starting offense level of 12 and the ultimate departure level of 23 was inadequate. We thus conclude that the selected upward departure sentence is substantively reasonable. *See Nance*, 957 F.3d at 215-17 (affirming the substantive reasonableness of upward variant sentence that was 36 months longer than called for under the Guidelines because the record confirmed that "the district court conducted a thorough, individualized assessment of [defendant] and his offense conduct in light of the § 3553(a) factors").

Accordingly, we affirm the criminal judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*