In the

# United States Court of Appeals
## For the Seventh Circuit

———————————

Nos. 21-1239 and 21-1240

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

PHILLIP T. THOMAS,

*Defendant-Appellant.*

———————————

Appeals from the United States District Court for the
Western District of Wisconsin.
Nos. 3:11-cr-00118-wmc-1, 3:20-cr-00051-wmc-1 — **William M. Conley**,
*Judge.*

———————————

ARGUED JANUARY 25, 2022 — DECIDED MARCH 1, 2022

———————————

Before RIPPLE, WOOD, and JACKSON-AKIWUMI, *Circuit Judges.*

PER CURIAM. Phillip Thomas, who pleaded guilty to distributing methamphetamine while on supervised release, appeals the district court's ruling that, based on two past felony convictions, he is a career offender under the Sentencing Guidelines. He submits that his prior conviction

under Wisconsin's child abuse statute is not a crime of violence under the career offender Guideline because the statute prohibits intentionally causing bodily harm but does not separately include the use of physical force as an element. Mr. Thomas concedes that this circuit's controlling precedent—which holds that the crime of intentionally causing bodily harm is a crime of violence—defeats his argument. Even so, he asks us to reconsider our precedent in light of a circuit split on the issue; alternatively, he seeks to preserve the question for Supreme Court review. Because Mr. Thomas's arguments are closely akin to those we have rejected in the past, we affirm the judgment of the district court in appeal 21-1240, the direct appeal of his criminal conviction. We also affirm the judgment of the district court in appeal 21-1239, Mr. Thomas's appeal of a revocation of supervised release. In that case, he has made no argument in this court.

# I

# BACKGROUND

Mr. Thomas pleaded guilty in 2020 to distributing 50 grams or more of methamphetamine, in violation of 21 U.S.C. § 841(a)(1). At the time of this offense, he was serving an extended term of supervised release based on an earlier conviction for conspiracy to possess with intent to distribute 100 grams or more of heroin, in violation of 21 U.S.C. §§ 841(a)(1), 846. Mr. Thomas did not contest revocation of his supervision term.

Before sentencing in the present case, the probation office determined that Mr. Thomas qualifies as a career offender under the Sentencing Guidelines because he had committed

a controlled substance offense and had "at least two prior felony convictions of either a crime of violence or a controlled substance offense." *See* U.S.S.G. § 4B1.1(a). Mr. Thomas's first qualifying prior conviction, according to the probation office's calculations, is his prior federal heroin conviction. The second is a prior conviction for Child Abuse—Intentionally Cause Harm, in violation of Wisconsin Statute § 948.03(2)(b). Employing the career offender guidelines yielded a sentencing range of 262 to 327 months in prison for his distribution conviction. Without the career offender designation, the applicable guideline range would have been 120 to 125 months.

Mr. Thomas objected to his designation as a career offender. In his view, his prior Wisconsin conviction for child abuse was not a predicate offense. The underlying Wisconsin statute states: "Whoever intentionally causes bodily harm to a child is guilty of a Class H felony." Wis. Stat. § 948.03(2)(b). Mr. Thomas argued that because the statute did not require the use of physical force as an element, it did not fit the definition of a "crime of violence" under U.S.S.G. § 4B1.2(a).

Mr. Thomas readily acknowledged that his position is contrary to the established circuit law. *See, e.g.*, *United States v. Jennings*, 860 F.3d 450 (7th Cir. 2017) (holding that the crime of intentionally causing the bodily harm of another is a crime of violence). Mr. Thomas submitted, nevertheless, that this precedent should not stand in light of the rulings of several other circuits, which have concluded that a conviction for causing bodily harm, albeit without an outward use of physical force, is not a crime of violence.

The district court conducted a joint plea, revocation, and sentencing hearing in February 2021. The court accepted Mr. Thomas's plea on the distribution charge, and based on that plea, it also revoked his supervised release. The court then sentenced Mr. Thomas. Rejecting his argument that his prior child abuse conviction was not a crime of violence under the Guidelines, it ruled that Mr. Thomas satisfied the requirements of the career offender designation. The court imposed a sentence of 100 months in prison in the present distribution case—a term well below the 262 to 327 months in the guideline range. It then imposed a consecutive sentence of 30 months in prison in the revocation case.

Mr. Thomas appealed and raised a single issue: the career offender designation under U.S.S.G. § 4B1.1(b).

## II

## DISCUSSION

As he did in the district court, Mr. Thomas concedes that his status as a career offender is consistent with circuit law. He asks us to reconsider our existing precedent regarding the definition of a "crime of violence" under U.S.S.G. § 4B1.2(a).

Sentencing Guideline § 4B1.2(a) defines a crime of violence as any felony offense that "has as an element the use, attempted use, or threatened use of physical force against the person of another." *Id.* We have consistently held that the crime of intentionally causing bodily harm necessarily requires physical force, and thus is a crime of violence. *See, e.g., United States v. Waters*, 823 F.3d 1062, 1064 (7th Cir. 2016). Mr. Thomas maintains that intentionally inflicting bodily harm on a child—the only requirement of

the Wisconsin child abuse statute under which he was convicted—does not necessarily involve violent force. *See* Wis. Stat. § 948.03(2)(b).

Mr. Thomas's situation cannot be distinguished from cases involving domestic abuse convictions in which we rejected arguments similar to those that Mr. Thomas raises. For example, the defendant in *Jennings* argued that, because the crime of conviction required the prosecution to prove the infliction of bodily harm on the (domestic abuse) victim, it did not necessarily require proof of physical force, and so is not a crime of violence. 860 F.3d at 457–61. We rejected that argument as "a line of reasoning that we have considered and rejected on multiple occasions." *Id.* at 458 (collecting cases). We have taken the same stance in numerous other cases in which we examined domestic battery statutes that lacked a separate element of physical force and have held repeatedly that an offense under these statutes was a crime of violence. *See, e.g.*, *LaGuerre v. Mukasey*, 526 F.3d 1037, 1039 (7th Cir. 2008); *De Leon Castellanos v. Holder*, 652 F.3d 762, 766–67 (7th Cir. 2011); *Waters*, 823 F.3d at 1065–66.

Mr. Thomas asks us to reconsider this precedent in light of a circuit split over whether a crime involving the intentional infliction of bodily harm without overt violent force is a violent felony under the Armed Criminal Career Act, *see* 18 U.S.C. § 924(e), or a crime of violence under U.S.S.G. § 4B1.2(a). As Mr. Thomas characterizes the split, the Third, Fifth, Sixth, and Ninth Circuits have held that such offenses cannot be considered violent felonies or crimes

of violence,[1] while the First, Second, Seventh, Eighth, Tenth, and Eleventh Circuits on the other hand have held that they can be.[2] Mr. Thomas also asserts that the Fourth Circuit has fallen on each side of the split, but reading his cited cases shows them to be reconcilable.[3] The issue was recently raised in a petition for writ of certiorari following an en banc opinion by the Second Circuit, but the Supreme Court denied the petition. *See United States v. Scott*, 990 F.3d 94 (2d Cir. 2021), *cert. denied*, 595 U.S. — (Oct. 18, 2021).

Respectful consideration of the differing views of other circuits is, without doubt, a continuing obligation of every circuit. Differences in law of national applicability, once aired thoroughly throughout the Country, need to be resolved, and the courts of appeals can contribute to that

---

[1] *See United States v. Mayo*, 901 F.3d 218 (3d Cir. 2018); *United States v. Resendiz-Moreno*, 705 F.3d 203 (5th Cir. 2013), *overruled by United States v. Reyes-Contreras*, 910 F.3d 169, 183–84, 187 (5th Cir. 2018) (en banc); *United States v. Burris*, 912 F.3d 386 (6th Cir. 2019) (en banc); *United States v. Trevino-Trevino*, 178 F. App'x 701 (9th Cir. 2006). Note that, after *Reyes-Contreras*, the Fifth Circuit no longer requires bodily contact for a crime of violence. 910 F.3d at 183–84.

[2] *See United States v. Báez-Martínez*, 950 F.3d 119 (1st Cir. 2020); *United States v. Scott*, 990 F.3d 94 (2d Cir. 2021) (en banc); *United States v. Waters*, 823 F.3d 1062 (7th Cir. 2016); *United States v. Peeples*, 879 F.3d 282 (8th Cir. 2018); *United States v. Ontiveros*, 875 F.3d 533 (10th Cir. 2017); *United States v. Sanchez*, 940 F.3d 526 (11th Cir. 2019).

[3] *Compare United States v. Gomez*, 690 F.3d 194, 202–03 (4th Cir. 2012) (remanding for resentencing where the district court applied the incorrect categorical approach), *with United States v. Rumley*, 952 F.3d 538, 550 (4th Cir. 2020) (holding a conviction of Virginia's "unlawful wounding" statute to be a violent felony).

effort by respectful consideration of the views of others coupled by candid self-examination of earlier work. There are, however, countervailing considerations rooted in the doctrines of stare decisis and precedent. Consequently, we have made clear that before overruling longstanding circuit precedent, we will identify explicit reasons that justify our taking such an action. We have identified some of the reasons that might justify such a course: (1) "when the circuit is an outlier and can save work for Congress and the Supreme Court by eliminating a conflict"; (2) when overruling "might supply a new line of argument that would lead other circuits to change their positions in turn"; and (3) "when prevailing doctrine works a substantial injury." *Buchmeier v. United States*, 581 F.3d 561, 566 (7th Cir. 2009) (en banc).

Here, however, we can identify no consideration that would justify our deviation from a path so well-trod. At least five other circuits have taken the same position; we certainly are not an outlier. Moreover, Mr. Thomas presents no persuasive argument that would warrant this circuit's altering its position that overt force from the defendant is not necessary when the crime of conviction otherwise prohibits the intentional infliction of bodily harm.[4]

---

[4] Mr. Thomas's argument that some convictions under the Wisconsin child abuse statute do not involve overt force is beside the point and overstated. Mr. Thomas invites our attention to several cases where, in his view, there was no overt use of violent force. For example, Mr. Thomas cites *State v. Williquette*, 385 N.W.2d 145, 147 (Wis. 1986), in which the defendant was convicted of failing to prevent her spouse from abusing their child. But he fails to note that this case was decided under

(continued … )

The district court correctly concluded that Mr. Thomas's previous conviction for child abuse was a crime of violence. That conviction, together with his prior (and uncontested) felony drug conviction for heroin, met the requirements for the career offender designation under the guidelines. *See* U.S.S.G. § 4B1.1.

We therefore affirm the judgments of the district court.

---

( … continued)

a now-superseded statute. Later cases explain that passive conduct like that in *Williquette* is properly charged under § 948.03(4) of the current child abuse statute, for failing to act to prevent a child's bodily harm, not the intentional harm provision under which Mr. Thomas was convicted. *See, e.g., State v. Rundle*, 488 N.W.2d 125 (Wis. Ct. App. 1992). Mr. Thomas also misreads *State v. McGee*, No. 98-3012-CR, 2000 WL 156866 (Wis. Ct. App. Feb. 15, 2000), to argue that the defendant there was prosecuted under the intentional harm statute for sleeping with a loaded gun next to a child. But the prosecution for the sleeping conduct was based on reckless causation of bodily harm, not intentional causation. *See id.* at *6. We thus conclude that the statute's goal is to target crimes of violence and therefore falls under U.S.S.G. § 4B1.2(a).