In the

# United States Court of Appeals

## For the Seventh Circuit

No. 21-2431

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

ANTHONY E. MOORE,

*Defendant-Appellant.*

Appeal from the United States District Court for the
Southern District of Illinois.
No. 4:06-cr-40063-JPG-3 — **J. Phil Gilbert**, *Judge.*

ARGUED JANUARY 14, 2022 — DECIDED JULY 25, 2022
AMENDED OCTOBER 5, 2022

Before MANION, ROVNER, and HAMILTON, *Circuit Judges.*

HAMILTON, *Circuit Judge.* In 2008, defendant Anthony E. Moore was convicted of conspiring to distribute at least fifty grams of crack cocaine and of being a felon in possession of a firearm. Because he had four prior drug convictions under Illinois law, he received a mandatory sentence of life in prison. More than a decade later, however, Moore became eligible and moved for a sentence reduction under the First Step Act

of 2018. The district court agreed that Moore was legally eligible for such a reduction. The court also decided, however, not to apply intervening case law—namely, the Supreme Court's decision in *Mathis v. United States*, 579 U.S. 500 (2016)—under which Moore's guideline and statutory ranges would have been lower. The court explained that under its assessment of the relevant sentencing factors under 18 U.S.C. § 3553(a), it would reduce Moore's life sentence to a term of 420 months (thirty-five years).

Moore challenges the district court's decision on three grounds. He argues that the court (1) misunderstood his *Mathis* argument, (2) created an unwarranted sentencing disparity when it later considered a co-defendant's *Mathis* argument, and (3) erroneously presumed that his conviction was for a violent crime. We reject all three challenges and affirm the district court's decision to reduce Moore's sentence, but by less than he wants.

I.   *Facts and Procedural History*

In October 2007, a federal grand jury indicted Moore on several charges. Count One was for conspiracy to distribute at least fifty grams of crack cocaine, Count Three was a felon-in-possession charge, and Count Four was for possession of a firearm in furtherance of a drug-trafficking offense. (Count Two applied only to a co-defendant.) The government filed an information under 21 U.S.C. § 851 to establish that Moore had four prior Illinois drug convictions that could be used to enhance his sentence. A jury found Moore guilty on Counts One and Three but not guilty on Count Four. The jury also issued a special verdict finding that the total amount of crack cocaine involved was at least fifty grams.

At sentencing, the district court's guideline calculations began with a base offense level of thirty-four based on the quantity of crack. After enhancements for possession of a weapon during the offense and for Moore's career-offender status, his final offense level was thirty-seven. Combined with Moore's criminal history category of VI, that produced a guideline recommendation of 360 months to life on Count One and 120 months on Count Three.

At the time, however, 21 U.S.C. § 841(b)(1)(A) required a life sentence because of the combination of the crack quantity and Moore's prior convictions. The district court, after noting that it did not have "any choice at all," imposed the mandatory term of life in prison on Count One and a concurrent term of 120 months on Count Three. The court also imposed the mandatory minimum ten-year term of supervised release and ordered Moore to pay a fine and special assessment. On appeal, this court affirmed Moore's convictions and sentence. *United States v. Moore*, 641 F.3d 812, 830 (7th Cir. 2011).

Several years later, Congress passed the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194. As we have observed, the Act "made retroactive the lower statutory penalties for crack offenses from the Fair Sentencing Act, Pub. L. No. 111-220, 124 Stat. 2372 (2010)." *United States v. Williams*, 32 F.4th 653, 654 (7th Cir. 2022). Under section 404 of the First Step Act, defendants convicted of certain crack cocaine offenses before the Fair Sentencing Act took effect may seek sentence reductions. See *United States v. Shaw*, 957 F.3d 734, 739–40 (7th Cir. 2020).

In 2019, Moore moved for a reduced sentence. In his operative amended motion, he argued that the district court should consider the current Sentencing Guidelines, the 18

U.S.C. § 3553(a) sentencing factors, his post-conviction con-
duct, and the Supreme Court's intervening decision in *Mathis
v. United States*, 579 U.S. 500 (2016). In particular, Moore as-
serted that he no longer qualified for the career-offender
guideline or the statutory enhancement. Based on the categor-
ical-approach guidance *Mathis* provided, Moore argued that
the Illinois drug statutes under which he had been convicted
were overbroad and indivisible, so those convictions could
not serve as predicate felony drug offenses under federal law.
In the meantime, we have agreed with that view of Illinois
drug laws for statutory enhancements, but not the Guidelines,
because Illinois law applies to some drugs that federal law
does not reach. See *United States v. Ruth*, 966 F.3d 642 (7th Cir.
2020) (addressing cocaine isomers); see also *United States v. De
La Torre*, 940 F.3d 938 (7th Cir. 2019) (addressing isomers of
methamphetamine under Indiana law). Moore argued that
his updated guideline range—after accounting for *Mathis*—
would be 210 to 262 months. Since he had served 164 months
already, Moore requested a reduced sentence of time served
with a reduced four-year term of supervised release.

The government conceded that Moore was legally eligible
for a sentence reduction. It argued, however, that the First
Step Act did not require a plenary resentencing involving re-
calculation of Moore's criminal history category. The govern-
ment said that Moore's guideline range should remain 360
months to life, so the court should not reduce his sentence at
all. Even if the court were to reduce Moore's sentence, the
government argued, it should not go any lower than 420
months based on Moore's criminal history and the other
§ 3553(a) factors.

The district court agreed that Moore was legally eligible for a sentence reduction under the First Step Act but held that he was not entitled to a plenary resentencing. As a result, the court said that it would not apply *Mathis* and instead would continue "to apply the career-offender enhancement when deciding on a proper sentence." Then, analyzing the § 3553(a) factors, the court noted that Moore had been one of the largest crack cocaine dealers in Mt. Vernon, Illinois. The court also observed that a search of Moore's home had revealed, in addition to crack cocaine and drug paraphernalia, four firearms and ammunition, "[belying Moore's] suggestion that his current conviction was 'non-violent.'" Finally, Moore had several other prior felony convictions. While the court commended Moore for "making the most of the past 14 years," it concluded that only a limited reduction was warranted. The court imposed a new sentence of 420 months and did not reduce the term of supervised release. Moore has appealed.

## II. *The Mathis Argument*

First, Moore asserts that the district court erred because it considered his *Mathis* argument with respect to only the career-offender guideline—not with respect to the statutory enhancement. We review the denial of a First Step Act motion for abuse of discretion. *United States v. Sutton*, 962 F.3d 979, 986 (7th Cir. 2020).

In the district court, Moore argued that after *Mathis*, his prior convictions no longer qualified as predicate drug offenses. On appeal, he says the district court "mistakenly believed that [his] *Mathis* argument applied only to his discretionary career-offender guideline or failed to consider his statutory argument." Moore focuses on the court's statement that it would not apply "intervening judicial decisions" but would

continue to apply the "career-offender enhancement." This language, Moore says, shows that the district court considered his *Mathis* argument only insofar as it might have affected his guideline range.

The argument is not persuasive. Moore's interpretation of the order assumes that the veteran district judge failed to understand that the *Mathis* argument also applied to the statutory enhancement. *Mathis* itself was a statutory case, of course. And Moore's position, questionable on its face, is even harder to accept given that Moore's amended First Step Act motion—which the district judge cited throughout the order—repeatedly referred to the statutory enhancement. See Amended Motion to Reduce Sentence at 3–4, Dkt. 532 ("Under the reasoning of *Mathis*, however, [Moore] no longer has the convictions necessary to support the § 851 enhancement or the career-offender guideline."); *id.* at 6 (arguing based on *Mathis* that two of Moore's Illinois drug convictions "do not qualify as 'felony drug offenses' under § 841's recidivist-sentencing provisions"); *id.* at 8–9 (same for other two predicate convictions).

There is, to be sure, some potential ambiguity in the order. The district court framed Moore's argument as whether "his prior felony convictions are not predicate offenses for a career-offender designation," and it did not expressly mention the statutory enhancement. But even if every page of the order is not as precise as we might wish with the benefit of hindsight, we have no trouble concluding that the district court made a deliberate decision not to apply *Mathis* to either the guideline or statutory enhancements. The court acknowledged correctly that in acting on a First Step Act motion, it was permitted to apply intervening judicial decisions—such

as *Mathis*—but it said explicitly that "the Court will not do so here." It is hard to imagine why the court would have applied that logic to the guideline designation but not to the statutory enhancement.[1]

Even if Moore were correct that the district court misunderstood his argument, that mistake almost certainly had no effect on his new sentence. The court made clear that its decision was based on the § 3553(a) factors, including "Moore's criminal history, the relevant conduct, the other circumstances of the offense, and the need to deter Moore *and others* from committing further crimes." We see no reason to think that any further consideration of Moore's *Mathis* argument would have changed that determination. Cf. *United States v. Williams*, 949 F.3d 1056, 1067–70 (7th Cir. 2020) (holding that incorrect guideline calculation was not plain error where district court thoroughly analyzed § 3553(a) factors and would have imposed same sentence regardless of error); *United States v. Colon*, 919 F.3d 510, 519–20 (7th Cir. 2019) (concluding that erroneous guideline calculation was harmless where district court based sentence on § 3553(a) factors and "made clear that a 30-year sentence was appropriate regardless of the guidelines calculation").[2]

---

[1] Moore says that a statutory enhancement is "materially different" because it is mandatory, unlike an advisory guideline range. But we fail to see why that difference would have made the district court any more inclined to apply *Mathis* when it had already made clear that it would not conduct a plenary resentencing.

[2] Moore has preserved for further review his argument that the district court was *required* to apply intervening case law. He acknowledges that our decision in *United States v. Fowowe*, 1 F.4th 522 (7th Cir. 2021), rejected that position. See *id.* at 531–32 (holding that First Step Act "authorizes but

III. *The Disparity Argument*

Next, Moore argues that the district court's failure to apply *Mathis* created an unwarranted sentencing disparity between him and a co-defendant, rendering his sentence substantively unreasonable. The government says we should review that issue for plain error because Moore forfeited any disparity argument by failing to raise it in the district court. We have said, however, that forfeiture is "the mere failure to raise a timely argument, due to either inadvertence, neglect, or oversight." *Henry v. Hulett*, 969 F.3d 769, 786 (7th Cir. 2020) (en banc). None of those labels apply to Moore's disparity argument, which is based on his co-defendant's First Step Act resentencing more than a month after his own resentencing. Cf. *United States v. Williams*, 819 F.3d 1026, 1031 (7th Cir. 2016) (finding plain error review inappropriate because "we cannot confidently say that there was an opportunity to object"). Accordingly, we review the district court's decision on this issue for abuse of discretion. *Sutton*, 962 F.3d at 986.[3]

---

does not require a district court to apply intervening judicial decisions"). After oral argument in this case, the Supreme Court decided *Concepcion v. United States*, 142 S. Ct. 2389 (2022), holding that the First Step Act "requires district courts to consider intervening changes when parties raise them." *Id.* at 2396. But the Act "does not compel courts to exercise their discretion to reduce any sentence based on those arguments." *Id.* A district court may "dismiss arguments that it does not find compelling without a detailed explanation," and it is not required "'to expressly rebut each argument' made by the parties." *Id.* at 2404, quoting *United States v. Maxwell*, 991 F.3d 685, 694 (6th Cir. 2021). Here, we are satisfied that the district court did not find Moore's *Mathis* argument persuasive with respect to the guideline or statutory enhancements.

[3] There is a broader question whether a defendant can raise a disparity challenge based on a *later*-sentenced co-defendant. On one hand, it is

A. *Legal Background*

"A sentence is substantively reasonable 'if the district court gives meaningful consideration to the factors enumerated in 18 U.S.C. § 3553(a), including the advisory Sentencing Guidelines, and arrives at a sentence that is objectively reasonable in light of the statutory factors and the individual circumstances of the case.'" *United States v. Major*, 33 F.4th 370, 379 (7th Cir. 2022), quoting *United States v. Patel*, 921 F.3d 663, 672 (7th Cir. 2019). One of the factors a sentencing court must consider is "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." § 3553(a)(6). Although it was not always true in this circuit, that provision now encompasses potential disparities not only across judges and districts but also between co-defendants.

---

difficult to fault a district court for not considering disparities that did not exist at the time it imposed a sentence. Cf. *United States v. Cristo-Fares*, 708 F. App'x 1, 2–3 (2d Cir. 2017) ("[S]ince Cristo-Fares was the first of the defendants in this case to be sentenced, the district court could not have addressed any 'disparity' among sentences that had not yet been imposed…."). On the other hand, prohibiting such a challenge might disadvantage whichever co-defendant happened to be sentenced first. We addressed the dilemma in *United States v. Solomon*, 892 F.3d 273 (7th Cir. 2018), where the defendant bringing the disparity challenge had been sentenced before a co-defendant. We said that "we are not disposed to accept the government's invitation to hold flatly that a sentence cannot become substantively unreasonable based upon a co-defendant's later sentence." *Id.* at 279. Instead, we concluded that "[c]ase-by-case consideration" of the problem would be sufficient. *Id.* In *Solomon*, the district court "was handling both cases simultaneously," so it had "enough information available" at the first hearing to make a comparison between the two defendants. *Id.* We need not resolve any potential sequencing problem here because Moore's challenge lacks merit in any event.

Several years ago, the law in this circuit was that a defendant could not raise a disparity argument based on a co-defendant's sentence. E.g., *United States v. Woods*, 556 F.3d 616, 623 (7th Cir. 2009) ("We look at a disparity only if it is between the defendant's sentence and all other similar sentences imposed nationwide."); *United States v. Omole*, 523 F.3d 691, 700 (7th Cir. 2008) ("This court refuses to view the discrepancy between sentences of codefendants as a basis for challenging a sentence."); *United States v. Boscarino*, 437 F.3d 634, 638 (7th Cir. 2006) ("[T]he kind of 'disparity' with which § 3553(a)(6) is concerned is an unjustified difference across judges (or districts) rather than among defendants to a single case.").

We shifted course, however, in *United States v. Statham*, 581 F.3d 548 (7th Cir. 2009). There, the defendant raised a disparity challenge based on his co-defendants' sentences. Although we ultimately rejected that defendant's challenge, we made clear that we were "not relying on any presumption that a sentencing disparity is problematic only if it is between the defendant's sentence and the sentences imposed on other similarly situated defendants nationwide." *Id.* at 556. Such a rule, we said, was foreclosed by *Gall v. United States*, 552 U.S. 38 (2007). In that case, the Supreme Court "endorsed a district court's consideration of the need to 'avoid unwarranted disparities, but also […] unwarranted similarities among other co-conspirators' when calculating a reasonable sentence." *Statham*, 581 F.3d at 556, quoting *Gall*, 552 U.S. at 55. As a result, we made clear that our court is "open in all cases to an argument that a defendant's sentence is unreasonable because of a disparity with the sentence of a co-defendant." *Id.*

Even after *Statham*, though, some of our decisions continued to suggest that § 3553(a)(6) was limited to disparities

among judges or districts. See, e.g., *United States v. Scott*, 631 F.3d 401, 405 (7th Cir. 2011) (noting that "for subparagraph (a)(6) to be applicable, the court must be presented with disparate sentences not among codefendants or coconspirators but among judges or districts").

We attempted to provide more clarity in *United States v. Solomon*, 892 F.3d 273 (7th Cir. 2018), explaining that a district court "is entitled, if it wishes, to apply the rule against unwarranted disparities to co-defendants' sentences." *Id.* at 278, citing *Statham*, 581 F.3d at 556. We took the "opportunity to clarify that the district court's discretion extends this far—a point that may not be as clear as it should be in light of language in some of our decisions." *Id.*, citing *United States v. Durham*, 645 F.3d 883 (7th Cir. 2011), and *Scott*, 631 F.3d 401; see also *United States v. Pennington*, 908 F.3d 234, 239 (7th Cir. 2018) ("Pennington is incorrect in saying that the 'unwarranted disparities' factor in § 3553(a)(6) applies only to defendants across districts and not to co-defendants in the same case.").

The upshot of this progression is that this circuit no longer categorically forecloses arguments about unwarranted sentencing disparities between co-defendants. We recently reaffirmed that our court is "open in all cases to an argument that a defendant's sentence is unreasonable because of a disparity with the sentence of a co-defendant," though we recognized that "such an argument will have more force when a judge departs from a correctly calculated Guidelines range to impose the sentence." *United States v. Sanchez*, 989 F.3d 523, 541 (7th Cir. 2021), quoting *Statham*, 581 F.3d at 556. A defendant who believes he has received an improperly disparate

sentence as compared to a co-defendant may bring such a challenge.[4]

B. *Moore's Co-Defendant*

In this appeal, Moore's disparity argument rests on the sentence of a co-defendant, Answar Rollins. Rollins was charged with Count One, conspiring to distribute at least fifty grams of crack cocaine, and Count Two, possessing with intent to distribute less than five grams of crack cocaine. Unlike

---

[4] Given the lingering conflict in our case law even after *Statham*, we now expressly disapprove language imposing a categorical bar on consideration of such co-defendant disparity arguments in our prior cases, including the following: *United States v. Durham*, 645 F.3d 883, 897 (7th Cir. 2011); *United States v. Courtland*, 642 F.3d 545, 554 (7th Cir. 2011); *United States v. Scott*, 631 F.3d 401, 405 (7th Cir. 2011); *United States v. Gooden*, 564 F.3d 887, 891 (7th Cir. 2009); *United States v. Omole*, 523 F.3d 691, 700–01 (7th Cir. 2008); *United States v. Davila-Rodriguez*, 468 F.3d 1012, 1014 (7th Cir. 2006); *United States v. White*, 406 F.3d 827, 837 (7th Cir. 2005); *United States v. Simpson*, 337 F.3d 905, 909 (7th Cir. 2003); *United States v. Simmons*, 218 F.3d 692, 696 (7th Cir. 2000); *United States v. McMutuary*, 217 F.3d 477, 490 (7th Cir. 2000); *United States v. Edwards*, 945 F.2d 1387, 1397–98 (7th Cir. 1991). Because of this express disapproval of prior precedents, we have circulated this amended opinion pursuant to Circuit Rule 40(e). No circuit judge in active service voted to hear this case en banc. Our disapproval of language imposing a categorical bar should not be understood as disapproving the results in any of these decisions. Also, we continue to recognize that the Sentencing Guidelines are intended to avoid *unwarranted* disparities among the sentences of co-defendants. *Gall v. United States*, 552 U.S. 38, 54 (2007) ("[A]voidance of unwarranted disparities was clearly considered by the Sentencing Commission when setting the Guidelines ranges. Since the District Judge correctly calculated and carefully reviewed the Guidelines range, he necessarily gave significant weight and consideration to the need to avoid unwarranted disparities."); accord, e.g., *United States v. Shamah*, 624 F.3d 449, 460 (7th Cir. 2010); *United States v. Bartlett*, 567 F.3d 901, 907–08 (7th Cir. 2009).

Moore, however, Rollins pleaded guilty and had only one prior Illinois drug conviction. Judge Gilbert originally sentenced Rollins to 240 months in prison—the statutory minimum—on Count One and 121 months on Count Two, to be served concurrently. He imposed a ten-year term of supervised release on Count One and a six-year term on Count Two, also to run concurrently. The judge later reduced the prison sentence to 103 months based on Amendment 782 to the Sentencing Guidelines, which the Sentencing Commission made retroactive. Rollins began serving his supervised release term in October 2015.

In 2018, however, the court revoked Rollins' supervised release because he had "resumed drug activities." He was sentenced to another twenty-four months in prison, to be followed by the ten-year term of supervised release he received originally for Count One. In addition, Rollins pleaded guilty to two new charges and received a sentence of 151 months in prison, along with supervised release terms of five years and three years. The old and new prison sentences were to run consecutively. The supervised release terms, however, were to run concurrently. As a result of the 2018 revocation and his new convictions, Rollins would serve the ten-year term—the longest of his supervised release terms—upon his release from prison.

After the First Step Act was passed, Rollins sought a reduced term of supervised release. Relying on *Mathis*—and making an argument similar to the one Moore made here—he said that his prior Illinois drug conviction no longer qualified as a predicate offense. Accordingly, he asked the court to reduce his original supervised release terms from ten years to four on Count One and from six years to three on Count Two.

(That would have made his longest remaining supervised re-
lease term the five years he received for one of the 2018
charges.) The government urged the court to continue to ap-
ply the recidivism enhancement, which would result in su-
pervised release terms of eight years on Count One and six
years on Count Two.

The court first said that it would not conduct a plenary re-
sentencing of Rollins. Although the court assumed that Rol-
lins' *Mathis* argument was correct on the merits, the court
made clear that it was "not obligated to reduce Rollins's su-
pervised release terms at all, much less to the statutory mini-
mum to which he would have been subject were he sentenced
today." The court then turned to the § 3553(a) factors, express-
ing doubt that Rollins had "learned respect for the law" or
"appreciate[d] the gravity of his offenses." Still, the court
found that Rollins' five-year term of supervised release for
one of his new offenses—which could run until 2033—was
"sufficient to provide the supervision necessary to protect the
community from Rollins's future crimes and get him on track
to be a productive citizen." The court reduced Rollins' super-
vised release terms to four years on Count One and three
years on Count Two.

C.  *Unwarranted Disparity?*

Moore asserts that the district court created a sentencing
disparity by applying *Mathis* in Rollins' First Step Act resen-
tencing but not his own. We are not persuaded. For one,
§ 3553(a)(6) instructs district courts to avoid only *unwarranted*
disparities—not any disparities whatsoever. See, e.g., *United
States v. Jarigese*, 999 F.3d 464, 474 (7th Cir. 2021) (rejecting dis-
parity argument where other defendants' cases demonstrated
"a wide range of circumstances that provide ample reasons

for the variations in the sentences"); *United States v. Bridge-water*, 950 F.3d 928, 936 (7th Cir. 2020) (noting that "the disparity provision 'leaves plenty of room for differences in sentences when warranted under the circumstances'"), quoting *United States v. Brown*, 732 F.3d 781, 788 (7th Cir. 2013).

Several factors distinguished Rollins' First Step Act case from Moore's. Rollins had already received a sentence reduction. He was seeking only a reduced term of supervised release, not a reduced term of imprisonment. He had also pleaded guilty to all charges, both the original ones and the new 2018 ones. See *United States v. Fitzpatrick*, 32 F.4th 644, 652 (7th Cir. 2022) (holding that other defendants' having cooperated or agreed with government qualified "as reasonable sentencing differences based on rewards for cooperation"). Nor were their original offenses the same. Although both were convicted of conspiracy to distribute at least fifty grams of crack cocaine, Moore was also convicted of a felon-in-possession charge, while Rollins pleaded guilty to a separate charge for possessing a smaller amount of crack cocaine. And they received different sentences: life in prison for Moore because of his four prior Illinois drug convictions, but 240 months for Rollins, who had only one such prior conviction. Cf. *United States v. Lee*, 897 F.3d 870, 873 (7th Cir. 2018) (rejecting disparity argument where "Lee did not identify any defendant with a similar record … found guilty of similar conduct").

In both cases, moreover, the district court made clear that its reduced sentence was based on the § 3553(a) factors. The court did calculate the new supervised release ranges that Rollins would be subject to if his *Mathis* argument were accepted. But the court stressed that it was "not obligated to reduce Rollins's supervised release terms at all, much less to the

statutory minimum." The court proceeded to explain why—based on the § 3553(a) factors—it felt a five-year term of supervised release was sufficient to "get [Rollins] on track to be a productive citizen." In Moore's case, however, the § 3553(a) factors led the court to conclude that only a limited sentence reduction would be "sufficient, but not greater than necessary, to advance the purposes of punishment."

We see no abuse of discretion in the district court's reasoning here. *Mathis* showed the Supreme Court's strict application of the categorical method under the Armed Career Criminal Act. We have properly followed that strict approach in *Ruth*, 966 F.3d at 648, *De La Torre*, 940 F.3d at 651–52, and other cases. We have held that even small differences between the scope of federal and state drug laws (e.g., just which isomers of cocaine or methamphetamine are covered, or whether a state's list of controlled substances includes one or two items not covered by federal law) can defeat application of the federal Armed Career Criminal Act and sentencing enhancements in 21 U.S.C. § 841(b), for example. Such often-theoretical possibilities that a defendant's prior state drug convictions might have been based on those differences may control the statutory enhancements. At the same time, those possibilities usually have little to say about a recidivist defendant's moral culpability and potential for future offenses—issues that a district judge might reasonably deem more salient in exercising discretion in applying the sentencing factors under § 3553(a).

As we have emphasized repeatedly, a district court "has broad discretion to balance the § 3553(a) factors." *United States v. Gibson*, 996 F.3d 451, 469 (7th Cir. 2021); accord, e.g., *United States v. White*, 883 F.3d 983, 991 (7th Cir. 2018) (noting

that district court's discretion under § 3553(a) is "substantial"). Any disparity between the two new sentences was grounded in those statutory factors—not in the implications of *Mathis*. Moore is not entitled to resentencing based on his disparity argument.

IV. *Mistaken Characterization?*

Finally, Moore says the district court erroneously presumed that his conviction was for a violent crime. Once again, our review is for abuse of discretion. *Sutton*, 962 F.3d at 986.

In discussing the § 3553(a) factors, the district court noted that a search of Moore's home had turned up crack cocaine, four firearms, and drug paraphernalia. The court continued: "More specifically, law enforcement located a .38-caliber revolver, a 12-gauge sawed-off pump shotgun, a 20-gauge sawed-off shotgun, a semiautomatic assault rifle, and various rounds of ammunition. This belies [Moore's] suggestion that his current conviction was 'non-violent.'" (Internal citation omitted.) According to Moore, these statements indicate that the district court "mistakenly categorized Mr. Moore's crime as violent when it weighed the § 3553(a) factors."

That argument places far too much weight on these comments. The court was not applying the "categorical approach" for classifying offenses and prior convictions. Instead, the court was responding to Moore's own assertion in a supplemental filing that he was "serving a life sentence for a non-violent drug offense." In rejecting that characterization, the court was not "categorizing" Moore's offense as a crime of violence—as a district court might need to do, for example, when applying 18 U.S.C. § 924(c) or § 924(e) or calculating a defendant's guideline range. See, e.g., *United States v. Thomas*,

27 F.4th 556, 557–58 (7th Cir. 2022); 18 U.S.C. § 924(e)(1) (imposing fifteen-year mandatory minimum if defendant has three prior convictions for "a violent felony"); U.S.S.G. § 2K2.1(a) (providing for higher base offense level if defendant has prior conviction for "crime of violence"). The district court was saying only that the array of weapons found at Moore's home undermined any contention that his drug trafficking did not involve weapons. And in fact, Moore's original guideline calculation was enhanced because he possessed a weapon during the commission of the offense. See U.S.S.G. § 2D1.1(b)(1) (imposing two-level enhancement for certain drug offenses if "a dangerous weapon (including a firearm) was possessed"). The district court's comments about the weapons found at Moore's home were not improper.

AFFIRMED.